[Civ. No. 3259.   First Appellate District, Division Two.—February
19, 1920.]

WILLIAM M. FITZHUGH, Respondent, *v.* THE UNIVER-
SITY REALTY COMPANY (a Corporation), Appellant.

[1] CONTRACTS—TIME AND PLACE OF CONSUMMATION.—The time and
place for the consummation of a contract is when and where the
last act necessary for its validity was performed.

[2] ID.—DISCOVERY OF FRAUD—REMEDIES OF VENDEE.—A vendee of
property, upon discovering fraud practiced upon him, may either
affirm the contract and sue in tort for damages suffered by reason
of the fraudulent representations, in which action he would not
necessarily be limited in his recovery to the amount he had paid,
or he may disaffirm the contract and recover what he has paid
thereunder.

[3] ID.—RESCISSION OF CONTRACT BY VENDEE — CREATION OF QUASI
CONTRACTUAL RIGHT — GENERAL ASSUMPSIT.—Where the vendee,
upon discovering the fraud, chooses to disaffirm the contract and
recover what he has paid thereunder, such choice gives rise to a
*quasi*-contractual right which goes into effect instantaneously upon
the service of the notice of rescission, and at the place where such
notice is served; and upon this contract created by the law the
vendee has the right to bring an action in general *assumpsit* for
money had and received.

[4] PLACE OF TRIAL—RESCISSION OF CONTRACT—ACTION AGAINST COR-
PORATION TO RECOVER DEPOSIT.—In an action against a corpora-
tion to recover the deposit paid under a contract for the purchase
of real property, after rescission of the contract because of fraudu-
lent representations, the defendant, under section 16, article XII,
of the constitution, has the right to have the action tried in the
county where the *quasi* contract arose by the giving of the notice
of rescission where the corporation's principal place of business
is located in that county.

APPEAL from an order of the Superior Court of the City
and County of San Francisco denying a motion for a
change of venue.   George A. Sturtevant, Judge.   Reversed.

The facts are stated in the opinion of the court.

Frederick Schneider for Appellant.

2.   Limitation on right of rescission of fraudulent contract, note,
1 Ann. Cas. 910.

Charles S. Wheeler, John F. Bowie and Nathan Moran for Respondent.

LANGDON, P. J.—This is an action to recover five thousand dollars paid upon a contract of purchase of real property, which contract was afterward rescinded by the plaintiff because of alleged fraudulent representations made to him by the defendants, as agents for the owner of the land contracted to be purchased by him. The owner of the land consented to the rescission of the contract, and plaintiff then sued the University Realty Company to recover from it the initial payment which he had made on the land—a part of which, under the terms of the contract, was to be retained by defendant as commission in the event a sale was not consummated in accordance with the conditions of the contract. The action was commenced in the city and county of San Francisco against the defendant corporation, which is a resident of the county of Santa Clara. After the service of summons upon defendant it filed an affidavit of merits and demanded a trial in the county of Santa Clara. From the order denying a change of venue this appeal is taken. As appears from the affidavits, the plaintiff contracted to buy certain real property owned by Peter and Laura E. Faber and situated at San Mateo. The sale was negotiated by Norwood B. Smith, the president of the University Realty Company. The contract, which is set out in the affidavits, acknowledged the receipt of five thousand dollars on account of the purchase price of the property, and contained the provision that the "deposit is received subject to the approval of the owner." It is alleged in the affidavit of plaintiff that the negotiations leading to the making of the contract, and the alleged false representations took place in San Francisco, and that the contract was signed by him and by the University Realty Company at San Francisco. It is alleged in defendant's affidavit, however, and not contradicted, that the approval of the sale of the property, signed by the Fabers, was executed at Runnymede, San Mateo County, California. It appears from the face of the contract itself that it was not binding until such approval was indorsed thereon. [1] The time and place for the consummation of a contract is when and where the last act necessary for its validity has been performed. (*Ham-*

*mond* v. *Ocean Shore Dev. Co.,* 22 Cal. App. 170, [133 Pac. 978].) It, therefore, appears upon the face of the affidavits that the contract was consummated at San Mateo County. The contract, according to its terms, was to be performed at the office of the defendant in Santa Clara County. It appears from the plaintiff's affidavit that he had rescinded the contract as between plaintiff and the defendant and as between plaintiff and Peter and Laura Faber. It further appears that the notice of rescission was served upon the defendant at its office in Palo Alto, Santa Clara County. The above facts stand uncontradicted in the affidavits.

The respondent seeks to uphold the action of the trial court by arguing that this is not an action which depends upon a rescission of the contract, or upon the contract in any way. It is asserted that a rescission of the contract was unnecessary for the maintenance of this action. The contract itself shows, and the affidavits of both parties agree, that the five thousand dollars was paid as a part payment upon a contract for the purchase of real estate. [2] Upon discovering the fraud, the plaintiff had one of two remedies open to him: either to affirm the contract and sue in tort for damages suffered by reason of the fraudulent misrepresentations, in which action he would not necessarily be limited in his recovery to the five thousand dollars initial payment, or to disaffirm the contract and recover what he had paid thereunder. (*Hammond* v. *Ocean Shore Dev. Co., supra,* 22 Cal. App. 171, [133 Pac. 978].) [3] Obviously, he has chosen to do the latter. This choice gives rise to a *quasi*-contractual right. It does not sound in tort and arise upon the commission of the tort. It is true, as the respondent contends, that the action is not brought upon the original contract between the parties, and therefore the facts regarding the place where the original contract was consummated and the location of its subject matter, etc., are not vital here, and we mention them merely in passing to indicate how the controversy arose. The right upon the part of the plaintiff to sue for money had and received grows out of a *quasi* contract between the plaintiff and defendant, whereby, by a legal fiction, the defendant promised to pay to the plaintiff the amount for which he sues. The nature of the action is discussed in *Hammond* v. *Ocean Shore Dev. Co., supra,* and in numerous other cases in this and other

states.  Suffice it to say here that the original contract between the plaintiff and defendant was not void because of fraudulent representations.  It was merely voidable at the election of the plaintiff.  Until disaffirmed by the plaintiff, it was a valid and existing obligation against him, and the payment he has made was one called for by this contract.  He has decided to disaffirm and demand a repayment of money under the contract by reason of alleged fraudulent representations.  Upon making such demand the law creates an obligation upon the part of the defendant to repay the amount received, and introduces the fiction of a promise by said defendant to repay, and thereby builds up a *quasi* contract between the parties which is the basis of this action.  That *quasi* contract went into effect instantaneously upon the service of the notice of rescission, and at the place where such notice was served—Santa Clara County—and upon this contract created by the law the plaintiff had the right to bring an action in general *assumpsit* for money had and received.  (*Hammond* v. *Ocean Shore Dev. Co., supra.*)  This he has done.

[4]  Section 16, article XII, of the constitution provides that a corporation may be sued in the county where the contract is made or is to be performed, or where the obligation or liability arises or the breach occurs; or in the county where the principal place of business of such corporation is situated.  The *quasi* contract sued upon here was created by the law at Palo Alto upon the service of the notice of rescission; in the absence of other agreement, it will be assumed that it was to be performed where it was made; the liability arose in Palo Alto, and the principal place of business of the corporation defendant is situated in said place.  It would appear, therefore, that there is no authority for the maintenance of this action in the city and county of San Francisco, and that the order must be reversed.

While we have discussed this matter on the merits, it would appear that this is unnecessary for a decision of the question involved.  The affidavit of the respondent states that another action upon these same facts and between the same parties was filed in the superior court of San Francisco prior to the commencement of this action; that a motion for a change of place of trial was thereupon made by the defendant and appellant, and said motion was granted and an order

made transferring said cause to Santa Clara County; that respondent was not represented at the hearing of said motion, and later moved the court to set aside its said order, which the court refused to do. Respondent thereupon dismissed said action and caused said dismissal to be entered upon the register of actions of the clerk of the court in and for the county of Santa Clara, and upon the dismissal thereof, filed the present action involving the same parties and the same questions of law and fact. It has been recently held in the case of *Karst* v. *Seller,* 45 Cal. App. 623, [188 Pac. 298], that as an order of the court granting a motion for change of venue has all the characteristics of a final judgment, and an appeal would lie from such an order, the plaintiff is estopped by such order from bringing another action upon the same facts in the county from which said first action had been transferred, after a dismissal of said first action. It is true that the facts in *Karst* v. *Seller, supra,* appear to be somewhat different from the facts in the case at bar. If, however, the facts in the two cases are sufficiently unlike to make this rule inapplicable here, it still remains true that upon the merits of the motion the transfer should have been made.

The order denying the motion for a change of place of trial from San Francisco to the county of Santa Clara is reversed.

Nourse, J., and Brittain, J., concurred.