[Civ. No. 5530. First Appellate District, Division Two.—June 24, 1926.]

## CALIFORNIA BEAN GROWERS' ASSOCIATION (a Corporation), Appellant, v. C. H. & O. B. FULLER CO., INCORPORATED (a Corporation), Respondent.

[1] Place of Trial—Corporations—Place of Making of Contract —Statement in Affidavit—Conclusion of Law.—On a motion for change of place of trial to the county where a defendant corporation has its residence, the statement in an affidavit presented by the defendant, to the effect that the contract sued on was made in a county other than that where the action was commenced, is but the conclusion of the affiant.

[2] Id.—Place Where Contract is Made—Pleading.—On such a motion, where the question in dispute is as to where the contract was made, the witness should state the probative facts and leave the court or jury draw its conclusion therefrom.

[3] ID.—CONTRACT MADE IN COUNTY WHERE ACTION COMMENCED—
EVIDENCE.—On this motion for a change of place of trial to the
county where the principal place of business of a defendant cor-
poration is situated, the probative facts show that the contract
involved in the action was made in the county where the action
was commenced.

---

(1) 13 C. J., p. 581, n. 60; 14a C. J., p. 795, n. 4, 5, 6, 7, p. 796,
n. 25, p. 797, n. 26, 33, 35; 31 Cyc., p. 65, n. 42 New.   (2) 14a C. J.,
p. 797, n. 33.   (3) 13 C. J., p. 581, n. 60.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco granting motion for
change of place of trial. Daniel C. Deasy, Judge. Re-
versed.

The facts are stated in the opinion of the court.

Sapiro & Hayes and Sapiro, Levy & Hayes for Appel-
lant.

Wm. A. Freeman for Respondent.

STURTEVANT, J.—This is an appeal from an order
granting the motion of the defendant corporation changing
the place of trial from San Francisco to Los Angeles, the
city where the principal place of business of the defendant
corporation it situated.

The plaintiff is a nonprofit, co-operative association with-
out capital stock, organized and doing business under the
laws of the state of California and having its principal place
of business in San Francisco; it was organized by a large
number of growers of beans to enable the growers to market
their produce; the defendant and the plaintiff executed a
contract and the principal action was brought to recover
damages for an alleged breach of that contract. On the
hearing of the motion it transpired and at this time the
parties concede that the defendant is a corporation having
its principal place of business in the city of Los Angeles.
Both parties concede that it is the settled law of this state
that in applying the provisions of section 16 of article XII
of the state constitution, "the rule is that when the corpora-
tion has shown that its principal place of business, which

is its residence, is in another county, to defeat the motion for a change of venue the burden of proof is upon plaintiff in an action like this, to show that the contract was made, or was to be performed, or that the obligation or liability arose, or the breach occurred in the county where the action is brought. (Citing cases.)'' (*Hammond* v. *Ocean Shore Dev. Co.,* 22 Cal. App. 167, 169 [133 Pac. 978].) Accordingly on the hearing of the motion in the trial court and again in presenting the matter in this court the plaintiff endeavored to show (1) the contract upon which the action is brought was made in San Francisco; (2) the contract was to be performed in San Francisco, and (3) the breach occurred in San Francisco. If the plaintiff made a showing that was sufficient on any one of the grounds stated, the order should be reversed. The respondent contends that the contract was made in Santa Barbara County. In support of this contention it calls to our attention that the ending of the contract is as follows:

''Read, considered and signed at Lompoc, California, this 17th day of August, 1921.

''Seal          California Bean Growers Association.

''By C. L. Danly, Secretary-Treasurer.

''C. H. and O. B. Fuller Co.,

''By O. B. Fuller, Pres.''

In framing its complaint the plaintiff pleaded the contract *in haec verba.* The complaint was verified by C. L. Danly. The affidavit of C. H. Fuller presented by the defendant on the hearing of the motion, among other things, contained the statement: ''That said contract was made . . . in the County of Santa Barbara, State of California.'' Thereupon the respondent contends that the showing made before the trial court was to the effect that the contract was made in Santa Barbara County. The respondent also argues, ·''The place at which the contract bears date is held to be *prima facie* the place where the contract was made. (Citing cases.)'' (*Hammond* v. *Ocean Shore Dev. Co.,* 22 Cal. App. 167, 170 [173 Pac. 978, 980].) The appellant replies that it concedes the rule as last quoted to be sound in the absence of other evidence, but it claims that there was other evidence before the trial court on the hearing of the motion. [1] Turning to the facts relied on by the respondent the appellant claims that the statement in Mr. Fuller's affi-

davit is but the conclusion of the affiant. We think that that contention is correct. [2] On the hearing of the motion to change the place of trial the very·fact in dispute was the question as to where the contract was made. When such is the case the witness should state the probative facts and leave the court or jury draw its conclusion therefrom. (*Levins* v. *Rovegno,* 71 Cal. 273, 275–279 [12 Pac. 161]; *Winslow* v. *Glendale Light & Power Co.,* 164 Cal. 688–690 [130 Pac. 427].) [3] We turn, therefore, to the additional facts that were before the trial court and which appear in the bill of exceptions. In resisting the motion to change the place of trial the plaintiff presented the affidavit of C. L. Danly, its secretary-treasurer. Among other things contained in the affidavit are the following: ''That the above-entitled action is based upon an agreement in writing executed as in said complaint set forth, and a copy of which is attached to said complaint and marked Exhibit 'A' thereto; that said Exhibit 'A' was signed by defendant as indicated thereon, on the 17th day of August, 1921, at Lompoc, County of Santa Barbara, State of California; that on said 17th day of August, 1921, said Exhibit 'A' was not signed and did not bear the signature nor seal of plaintiff; that said Exhibit 'A' on the said 17th day of August, 1921, or shortly thereafter, together with an application for membership in plaintiff association signed by the defendant, was forwarded by mail to the plaintiff at its office and place of business in said City and County of San Francisco; that on or about the 25th day of August, 1921, said Exhibit 'A' and said application of defendant for membership in plaintiff association, and the offer to contract therein contained was delivered to, received by and accepted by plaintiff in the said City and County of San Francisco, and the said application for membership was acted upon and certificate of membership in plaintiff association issued to defendant in the said City and County of San Francisco, and the contract contained in said Exhibit 'A' was then and there entered into by plaintiff and plaintiff's signature and seal was thereto affixed at plaintiff's office and principal place of business in the said City and County of San Francisco, by C. L. Danly, the affiant, on plaintiff's behalf and thereunto was duly authorized and not elsewhere; and no application for membership in plaintiff association was received

nor acted upon nor membership certificate therein applied for issued, and no signature of plaintiff or affiant or of anyone in plaintiff's behalf was affixed to said bean crop agreement of which Exhibit 'A' is a copy nor was any seal of plaintiff affixed thereto at any other time or place or in any other manner than as aforesaid. That said contract upon which plaintiff's action is based was made as above set forth in the City and County of San Francisco, State of California and not elsewhere.'' The appellant offered no evidence contradicting the probative facts contained in the affidavit of Mr. Danly. There being no showing to the contrary we must assume the probative facts to be as stated in that affidavit. The question as to what conclusion should be drawn from such probative facts is not an open one in this state. A similar question arose in the case of *Harrigan* v. *Home Life Ins. Co.,* 128 Cal. 531 [58 Pac. 180, 61 Pac. 99]. Following the doctrine of that case we must hold that the contract involved in the principal action was made in San Francisco. It is unnecessary, therefore, to discuss the other contentions made by the appellant.

The order appealed from is reversed.

Langdon, P. J., and Nourse, J., concurred.