[Civ. No. 3251. Third Appellate District.—March 11, 1927.]

## TURNER HARDWARE & IMPLEMENT COMPANY (a Corporation), Petitioner, v. JUSTICE'S COURT OF TOWNSHIP No. 1, SHASTA COUNTY, et al., Respondents.

[1] Justice's Court—Jurisdiction—Contracts—Place of Performance—Process.—In an action in a justice's court by the purchaser of an electric sign, which was rejected as not of the kind or quality ordered, to recover the amount paid therefor, a letter from defendant stating that it was forwarding the sign ordered by plaintiff did not show an agreement to perform the obligation in the county of plaintiff's residence, where the action was brought, so as to authorize service of summons at defendant's domicile in another county, under subdivision 2 of section 848 of the Code of Civil Procedure.

[2] Id.—Residence—Service of Summons—Venue.—Plaintiff having disaffirmed the contract and sued upon an implied contract for recovery of the money paid, as for money had and received, the action was not on the sale contract, but on an implied contract for the recovery of money paid, and hence not within the exception in subdivision 2 of section 848 of the Code of Civil Procedure, authorizing service of summons in the county of defendant's residence in an action on a contract to be performed in the county of venue.

---

(1) 35 C. J., p. 536, n. 72.

PETITION for a Writ of Prohibition to prevent the Justice's Court of Township No. 1, Shasta County, and R. P. Stimmel, Justice thereof, from proceeding with the trial of an action. Writ granted.

The facts are stated in the opinion of the court.

Carr & Kennedy for Petitioner.

Carter & Smith for Respondents.

HART, J.—This is an original petition for a writ of prohibition, the object of which is to prevent the respondents from proceeding with the trial of a certain action pending in respondent court and wherein one Clara C. Kise is plaintiff and the petitioner herein is defendant.

It appears that on the twenty-third day of September, 1925, said Clara C. Kise and a concern named "The O. F. Mitchell Company," engaged in business in Springfield, Ohio, entered into a written agreement whereby said company ,agreed to manufacture for and deliver to said Kise an electric sign for a hotel in the city of Redding, Shasta County, and for which said Kise agreed to pay the total sum of $102, of which amount a cash payment of $25 was to be paid on the execution of the agreement and the balance of the agreed price upon the delivery of said sign; that in the making of said agreement, the O. F. Mitchell Company was represented by its agent, one J. A. Harbert, to whom Kise delivered the cash deposit or payment of $25, as required by the writing. It is further made to appear that, under date of February, 1926, the petitioner, from the city of Modesto, Stanislaus County, its place of business, addressed the following letter to said Clara C. Kise:

"Dear Madam:

"Mr. J. A. Harbert, formerly of the Mitchell Sign Company of Springfield, Ohio, has turned over to us your order for an electric sign.

"We have built this sign according to the specifications furnished us by Mr. Harbert, and today we are forwarding it to you by express, C. O. D. for $76.50.

"We trust that this sign will reach you in good order, and we know that you will be pleased with the same.

"Very truly yours,
"Turner Hdwe. & Impl. Co.,
"By S. H. Wentz,
"Credit Manager.

"SHW: AG."

That the petitioner shipped the sign to Mrs. Kise, as indicated in said letter, through the American Railway Express Company, C. O. D.; that Mrs. Kise, upon the delivery of the sign to her by said company, paid to the latter for the petitioner and as express charges the sum of $81.75. Upon inspecting the sign Mrs. Kise found, according to her complaint in the action against the petitioner, and to prohibit the trial of which by the respondents is the purpose of the present proceeding, "that said sign was not constructed in accordance with said contract and not the kind or character of a sign ordered by plaintiff and was constructed of infe-

rior material and was smaller and less substantial than the sign ordered by plaintiff; that plaintiff immediately re-shipped said sign to said defendant and demanded that de-fendant pay to her the amount she was required to pay on account of said sign, to wit; the sum of $107.00.''

The petitioner refused to return to Mrs. Kise the amount she had paid for the sign, and thereafter (on the nineteenth day of April, 1926) she instituted against the petitioner, in Township No. 1 of Shasta County, the action to recover the money so paid which it is the object of the present pro-ceeding to prevent respondents from trying. On May 10, 1926, and subsequently to the service of the copy of the com-plaint and summons in said action on the petitioner, the latter filed with the respondents and served upon the attor-neys for Mrs. Kise a notice that they intended to and would, on the fifteenth day of May, 1926, move the respond-ent court to quash the summons and the service thereof upon petitioner upon the ground that the action by Mrs. Kise against petitioner does not fall within the class of justice's court actions referred to by section 848 of the Code of Civil Procedure in which summons may be served outside the county wherein such actions are brought. Said motion was pressed by the petitioner and denied by the respondents.

Section 848 of the Code of Civil Procedure specifically enumerates, in as many subdivisions, five different and dis-tinct exceptions to the general rule that the summons in actions brought in the justice's court cannot be served out-side the county wherein the actions are brought. The re-spondents, however, rely entirely upon the terms of sub-division 2 of said section for the support of their contention that the summons issued in the case of Kise against peti-tioner herein may properly or legally be served upon the latter at the place of its residence, which, as seen, is in a county other than that in which said action was instituted. It is, therefore, unnecessary to pay attention herein to the other subdivisions of section 848.

[1] The exception to the general rule as to the service of summons in justice court actions as set forth in subdi-vision 2 of said section is applicable in those instances where the action is brought against a party who has contracted in writing to perform the obligation upon which the action

is founded at a particular place, and who resides in a different county. In such case, proceeds said subdivision, "the summons may be served in the county in which he (the party against whom the action is brought) resides." The respondents here argue that, even if it be conceded that the Mitchell Company did not in the original agreement between it and Mrs. Kise expressly agree to perform the obligation which was the subject of said agreement in Redding, Shasta County, it is nevertheless true that the petitioner, having accepted the transfer to it of said contract, did agree to perform the obligation in Redding by virtue of the letter from it to Mrs. Kise and which is hereinabove quoted. We see nothing in said letter which sustains the position of the respondents in that particular. [2] If, however, the letter could be so construed, the fact remains that the action brought by Mrs. Kise against the petitioner is not founded either upon the original contract or the letter referred to. Unquestionably, Mrs. Kise disaffirmed the contract and sued upon an implied contract for the recovery of the money which she paid to the petitioner as for money had and received. (See *Fitzhugh* v. *University Realty Co.*, 46 Cal. App. 198, 200 [188 Pac. 1023]; *Hammond* v. *Ocean Shore Co.*, 22 Cal. App. 167 [133 Pac. 978].) The contract between her and the Mitchell Company or between her and the petitioner is merely an incident to the action upon which she elected to rely, and while it is true that said contract would perhaps be important in her case as evidence of the price which she agreed to pay for the sign and the character of the sign which it was agreed should be made for her, still, further than that, the writing would be of no importance or significance. Since, therefore, her action is not upon the contract but necessarily a disaffirmance or rescission thereof, and is upon *assumpsit* or an implied contract for the recovery of the money which she paid for the sign, it follows that her action does not come within the exception mentioned in subdivision 2 of section 848 of the Code of Civil Procedure, nor within any of the exceptions mentioned in said section, and, consequently, the service or attempted service of summons in said action upon the petitioner was and is void and is of no force or effect. It results that the respondent court has not acquired and cannot acquire jurisdiction in said

action of the person of the petitioner and thus is without jurisdiction to try and determine said action or the issues thereof.

Let the writ issue as prayed for.

Plummer, J., and Finch, P. J., concurred.