## BENNETT v. CITY OF SEMINOLE.

No. 18524. Opinion Filed July 24, 1928.

(Syllabus.)

**1. Municipal Corporations—Fire Zones—Abatement of Nonfireproof Building.**

Under section 4562, C. O. S. 1921, a city council may prescribe limits within which no building shall be constructed except of brick, stone or other incombustible material, with fireproof roof, and impose a penalty for the violation of such ordinance, and may cause buildings, commenced, put up or moved into fire limits, in violation of such ordinance, to be removed or abated.

**2. Same—Repairing Building in Fire Zone—Necessity for Permit.**

When a building within the fire zone is damaged by fire exceeding 50 per cent. of its value, if the owner or lessee seeks to rebuild, repair or reconstruct it, under section 4562, supra, the city council has authority to require it to be rebuilt, repaired or reconstructed with incombustible material, and it also has authority to require the owner or lessee to procure a permit therefor before the work is begun.

Error from District Court, Seminole County; Geo. C. Crump, Judge.

Action by Ella Bennett against City of Seminole. Judgment for defendant, and plaintiff appeals. Affirmed.

Phillips & Huggins, for plaintiff in error.

Robert Burns, for defendant in error.

HEFNER, J. Ella Bennett, plaintiff in error and plaintiff below, brought this action against the city of Seminole, a municipal corporation, defendant in error and defendant below, in which she sought to enjoin the defendant and its officials from enforcing the provisions of a fire ordinance which had been enacted by the defendant.

In the absence of the district judge from the county, she presented the same to the county judge and obtained a temporary injunction. The defendant filed a motion to vacate the temporary injunction. A hearing was had thereon by the district judge, and after the introduction of evidence by both parties the district judge vacated the order granting the temporary injunction and denied plaintiff an injunction, from which order the plaintiff has appealed to this court.

The plaintiff was operating a motion picture show and the building was partially destroyed by fire. The city of Seminole, prior thereto, had adopted an ordinance which prescribes the fire zone, and the building of the plaintiff was within the fire zone, but was not a fireproof building. Under the terms of the ordinance the owner or occupant of any building not of fireproof construction and which was damaged more than 50 per cent. by fire could not re-erect said building within the fire zone except of fireproof construction pursuant to a building permit issued by the building inspector.

The plaintiff immediately began to rebuild the building with material not fireproof and without having obtained a permit from the city. The fire chief posted notices on the building and served a copy thereof on the plaintiff to cease operation, and about the same time a representative of the State Fire Marshal of Oklahoma served notice on the owner of the premises as well as the plaintiff herein, the lessee of the owner, to prevent the rebuilding of the building except of fireproof construction. Soon after these notices were served, the plaintiff brought this action.

The plaintiff contends that the building was only slightly damaged, not exceeding ten per cent. The defendants contend that the building was practically destroyed. The trial court heard the evidence of both parties and dissolved the temporary injunction.

Some of the witnesses testified that the building was damaged not to exceed ten per cent. Others testified that it was damaged to the extent of 60 per cent. The trial court heard the evidence and found against the plaintiff. The evidence was sufficient to sustain its findings.

The second paragraph of section 4562, C. O. S. 1921, is as follows:

"The council may also prescribe limits within which no buildings shall be constructed except of brick, stone or other incombustible material, with fireproof roof, and impose a penalty for the violation of such ordinance; and may cause buildings commenced, put up or removed into fire limits, in violation of such ordinance, to be removed or abated."

The plaintiff concedes that the council may prescribe limits within which no buildings shall be constructed except of incombustible material, but contends there is nothing in the above statute nor in the ordinance that gives the city council or any of its officers any authority to interfere with the plaintiff in the "repair" of her building. It is conceded that if the building had been entirely destroyed by fire, then it would be necessary to build a fireproof building, but since the building was only partially destroyed, and it was only necessary to make repairs, it does not come within the ordinance nor within the statute. We think the statute and

ordinance are broad enough to cover the "repairing" of the building when it was damaged more than 50 per cent. by the fire.

The plaintiff urges that it is not necessary for her to procure a permit to repair the building because the ordinance was only applicable to buildings to be built or enlarged or altered. We think the ordinance is sufficiently broad to cover the reconstruction of a building after it had been partially destroyed by fire and that it was necessary for the plaintiff to procure a permit before she would be allowed to reconstruct or repair the building. This she did not do.

The judgment of the trial court is affirmed.

MASON, LESTER, HUNT, and RILEY, JJ., concur.

Note.—See under (1) 43 C. J. pp. 369, 370, §440. (2) 43 C. J. p. 371, §442.