[Civ. No. 799.    Fourth Appellate District.—April 24, 1933.]

ANNA ROWE, Respondent, v. THE POLICY HOLDERS LIFE INSURANCE ASSOCIATION (a Corporation), Appellant.

340

Hugh Martin Young for Appellant.

Dorsey & Mack for Respondent.

BARNARD, P. J.—This is an appeal from an order made by the Superior Court of Kern County denying a motion for a change of venue to Los Angeles County.

The action is one to recover upon a contract of insurance and the complaint, although filed in the Superior Court of Kern County, is silent as to the place where the contract was made or to be performed, where the obligation or liability arose or where the breach occurred. Upon being served, the defendant filed a demand and notice of motion for a change of venue together with the affidavit of its president to the effect that he believed that the defendant had a good defense to the action and that the defendant was and is a resident of Los Angeles County. The motion was argued and submitted on February 8, 1932. On February 17, 1932, the defendant filed in the clerk's office another affidavit made by its vice-president, setting forth that the contract on which the suit was brought was entered into in the county of Los Angeles; that the defendant has its principal place of business in that county; that the insured died in that county; that the contract was to be performed in that county; and that the breach, if any, occurred there. On March 1, 1932, the order from which this appeal is taken was entered denying the motion for change of venue. On March 25, 1932, when the transcript was settled and upon application of the plaintiff, the court ordered the affidavit last referred to stricken from the transcript.

The first question before us is whether the affidavit last referred to must be considered in passing upon the right of the trial court to enter the order complained of. Under section 396 of the Code of Civil Procedure, an action may be tried even in a county not otherwise proper unless the defendant files an affidavit of merits at the time he answers or demurs. Conceding that a court has the power, upon a proper application, to grant relief where the affidavit filed is insufficient and to allow and consider amended or additional affidavits, the record before us fails to show that any such relief was here asked for or given or that any permission was granted to file any supplemental or additional affidavit. It further appears that the affidavit here in question was filed in the clerk's office nine days after the motion had been submitted for decision, and there is nothing to show that the same was ever called to the attention of the trial court or was considered by it in deciding the motion. It is the duty of an appellate court to determine whether, upon the record before it at the time the order was made,

the trial court was legally authorized to make an order complained of (*Nason* v. *Feldhusen,* 34 Cal. App. 789 [168 Pac. 1162]). ▮ Aside from any other considerations, the burden is upon an appellant to show that, upon the record before it at the time such an order was made, the trial court was not legally authorized to make the order, and in this we think this appellant has failed.

▮ The only remaining question is whether the court erred in making this order, in view of the affidavit presented to the effect that the principal place of business of the appellant was and is in Los Angeles County, which fact appears to be uncontradicted. The appellant relies upon *Hammond* v. *Ocean Shore Dev. Co.,* 22 Cal. App. 167 [133 Pac. 978], and *Krogh* v. *Pacific Gateway Co.,* 11 Cal. App. 237 [104 Pac. 698]. In the first of these cases, while the opinion contains a statement to the effect that when a corporation has shown that its principal place of business is in another county the burden of proof is upon the plaintiff to show that for other reasons the action was brought in a proper county, the case was decided upon the ground that the trial court was justified, by the complaint and the evidence, in concluding that the contract sued on was made and to be performed in a county other than that in which the suit was filed. In the second case cited it was held that it appeared from the face of the complaint that the place where the contract was made, the place where it was to be performed, and the place where the breach occurred, could not have been in the county where the suit was filed and, therefore, the place of residence of the defendant was determinative.

In *Lakeside Ditch Co.* v. *Packwood C. Co.,* 50 Cal. App. 296 [195 Pac. 284, 286], the court uses language which, while it may not have been necessary to the decision therein, is quite persuasive upon the question before us. The court there said:

"In other words, the plaintiffs had the right to commence the action in the county where the contract was made or where it was to be performed, or where the obligation arose. (Citing cases.) And, having the right, under the constitutional provision in question, to commence the action against the corporation in the county where the contract sued on was made or performed or the liability of the defendant

arose, they have the right to have the action tried or prosecuted to a finality in that county, unless the place of trial is changed for some other sufficient reason than that of the residence of the corporation defendant. . . .

"The result is that a corporation against which such an action is brought has no absolute right to have the action either commenced or removed to the county in which it has its principal place of business, which is the county of its residence, merely upon that ground or for that reason, but can only secure a removal 'as in other cases' or upon some ground, legally recognized, other than the fact that its residence is in a county other than the county in which the action has been commenced. . . .

"If, therefore, the only showing of venue in this case was in the title of the action, there would be at least a *prima facie* showing of venue in Tulare county which would be sufficient to cast the burden upon the defendant to show that the contract was not made nor to be performed or that the breach thereof by it or its liability by reason of the breach thereof did not occur or arise in said county. This necessarily follows from the proposition, before stated, that a corporation defendant is not entitled as of right, as in cases of transitory actions in which the defendants are natural persons, to have an action against it removed from the county in which it is commenced to the county of its residence, where the action is brought in a county other than that in which its principal place of business is. The defendant here did not undertake to discharge the burden thus resting upon it. It relied merely upon the mere fact that its residence was in the city and county of San Francisco."

In *Chase* v. *South Pac. Coast R. Co.*, 83 Cal. 468 [23 Pac. 532, 533], a case very similar in principle to the one now before us, the court said: "The only venue laid in the complaint is in the title thereof; there is nothing in the body of it to show within what county the defendant refused to perform its duty as a common carrier toward plaintiffs; but as the court has jurisdiction of the subject matter of this action (Cal. Const., art. 6, sec. 5; Code Civ. Proc., sec. 76), and as an action upon the breach of such an obligation may be brought in the county where the breach occurred, as well as in the county where the defendant has

its principal place of business (Cal. Const., art. 12, sec. 16), the action was presumptively brought in the proper county, and it devolved upon the defendant to show, upon its motion, that the breach of its obligation as a common carrier, declared upon by plaintiffs, did not occur in Santa Cruz county. Having failed to do this, the motion was properly denied; . . . "

In *Hobson* v. *Metropolitan Casualty & Ins. Co.*, 114 Cal. App. 349 [300 Pac. 87], it is pointed out that section 16 of article XII of the Constitution, providing where a corporation may be sued, is permissible and does not prevent the filing of an action against a corporation in any other county of the state. Under section 396 of the Code of Civil Procedure, an action commenced in a county which is not the proper one for trial may still be tried there, in the absence of a proper demand and showing on the part of the defendant. Without doubt a plaintiff has the right to bring such action as this in any county where the contract was made or was to be performed, or where the breach occurred. It seems equally true that a plaintiff has the right to bring such an action in any other county in the state and that it may be there tried unless the defendant takes the proper steps to have it removed. This being true, the burden is not on a plaintiff to show that such an action was brought in the proper county or that he comes within an exception to any general rule, but the burden is on a corporation defendant to show that the place of filing such an action as this is not the proper county for trial, which may not be done by a showing of residence alone. We conclude that the burden was upon the appellant to show grounds for removal other than the fact that its principal place of business was in another county and that, having failed to meet this burden, the motion was properly denied.

The order appealed from is affirmed.

Marks, J., and Jennings, J., concurred.