[Civ. No. 10167.  Second Appellate District, Division Two.—June 19, 1935.]

EL CLARO OIL & GAS COMPANY (a Corporation), Respondent, v. THE BANK OF CORNING (a Corporation), Appellant.

Mark M. Cohen, Irwin M. Fulop and George R. Freeman for Appellant.

Arthur C. Fisher for Respondent.

SCOTT, J., *pro tem.*—Plaintiff brought suit on a common count for money had and received and defendant moved for a change of venue to the county of Tehama, where it has its principal 'place of business. Supporting and opposing affidavits were filed and the motion was denied. From the order denying such motion defendant appeals.

The Constitution of California, article XII, section 16, provides that a corporation "may be sued in the county where the contract is made or is to be performed, or where the obligation or liability arises or the breach occurs; or in the county where the principal place of business of such corporation is situated, subject to the power of the court to change the place of trial as in other cases". Certain transactions had taken place between the parties herein, culminating in execution and delivery by plaintiff to defendant of a check on a Los Angeles bank, which was paid upon presentation. Plaintiff brought this suit to recover the amount of the check. The affidavit filed on behalf of plaintiff in opposition to the motion sets out in general terms that the contract on which this action is predicated was made in the county of Los Angeles, that the money sued for was paid there, that the original obligation arose there and "that the breach of the obligation (if any breach occurred) occurred in the city of Los Angeles, county of Los Angeles, state of California, at the time the sum of $5,000 was paid by the Citizens National Trust & Savings Bank". Upon such showing we cannot set aside the ruling of the trial court. (*Bowers* v. *Modoc Land & Live-Stock Co.*, 117 Cal. 50 [48 Pac. 979]; *Raphael* v. *People's Bank of Benicia*, 45 Cal. App. 115 [187 Pac. 53].)
Order affirmed.

Crail, J., and Stephens, P. J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of·Appeal, was denied by the Supreme Court on August 15, 1935.