[Civ. No. 2509. Fourth Appellate District.—February 17, 1940.]

JACOB KONIG, Respondent, v. ASSOCIATED ALMOND GROWERS OF PASO ROBLES (a Corporation), Appellant.

T. H. Canfield for Appellant.

H. J. Dubin and C. P. Kaetzel for Respondent.

THOMSON, J., *pro tem.*—This is an appeal from an order of the Superior Court of San Luis Obispo County denying a motion for a change of venue to the Superior Court of Santa Barbara County.

The plaintiff and respondent brought an action in the Superior Court of San Luis Obispo County for an accounting of receipts and disbursements and for the payment of sums owing to plaintiff in connection with the operation of a certain almond orchard in San Luis Obispo County. The complaint alleges that defendant is a California corporation; that plaintiff purchased from defendant a certain almond orchard in San Luis Obispo County; that by agreement of the parties defendant remained in possession of the almond orchard for a number of years and operated it for plaintiff's account, with the understanding that, "from the proceeds of such operation by defendant, it would deduct the annual costs thereof, pay the taxes upon said land and credit the overplus to plaintiff"; that the receipts exceeded the expenses and taxes; and also that plaintiff advanced in excess of $2,000 to defendant to cover alleged deficits which defendant, from time to time, represented to plaintiff existed by reason of said operations; that plaintiff demanded from defendant an accounting and the payment of the sums disclosed by such accounting to be due to plaintiff; and that defendant has refused to render such accounting or pay such sums. Plaintiff prays for an accounting and payment of all sums proved to be due.

On the motion for a change of venue defendant proved that its principal place of business was in Santa Barbara County by affidavit, and also by a certificate of change of its principal place of business from San Luis Obispo County, to Santa Barbara County, showing that such removal was effected about two and one-half years after the making of the contract between plaintiff and defendant. No counter affidavits were filed and no other proof offered. Defendant's notice of motion for change of venue specified that the motion

would be made upon the sole ground of the residence of defendant. The only evidence presented by defendant in support of this motion related solely to the question of defendant's residence.

■ This is a personal or transitory action wherein the sole defendant is a California corporation, therefore, section 395 of the Code of Civil Procedure does not apply and resort must be had to the provision of the Constitution which governs the venue of such actions. (*Cook* v. *W. S. Ray Mfg. Co.*, 159 Cal. 694, 696 [115 Pac. 318].) Article XII, section 16, of the Constitution of California provides that "A corporation or association may be sued in the county where the contract is made or is to be performed, or where the obligation or liability arises or the breach occurs; or in the county where the principal place of business of such corporation is situated, subject to the power of the court to change the place of trial as in other cases."

■ Appellant contends that plaintiff's complaint herein does not allege in any manner, directly or indirectly, by inference or otherwise, that any contract was made, or was to be performed, or that any obligation or liability arose against defendant, or any breach occurred, in the county of San Luis Obispo. If we assume for the present that this contention is correct, was plaintiff required to make any such allegations in his complaint or to offer any proof of such facts on the motion, in order to avoid a change of venue under the facts of this case?

The position of appellant is that, on a motion for a change of venue made by a California corporation which is sole defendant, when defendant, in support of its motion, has shown that its principal place of business is in another county, the burden is upon plaintiff, in order to defeat the motion, to show that the contract was made, or was to be performed, or that the obligation or liability arose, or the breach occurred, in the county where the action was brought. In support of this contention defendant relies upon *California Bean Growers Corp.* v. *C. H. & O. B. Fuller Co.*, 78 Cal. App. 522 [248 Pac. 967], *Ward* v. *Great Western Power Co.*, 135 Cal. App. 687 [27 Pac. (2d) 937], *Hammond* v. *Ocean Shore Dev. Co.*, 22 Cal. App. 167 [133 Pac. 978], and *Krogh* v. *Pacific Gateway Co.*, 11 Cal. App. 237 [104 Pac. 697]. In each of these cases the opinion contains a statement to the effect that, where

the corporation defendant has shown that the principal place of business is not in the county wherein the action is pending, the burden of proof is upon plaintiff to defeat the motion, but in none of said cases was such statement essential to the decision, nor was it necessary to determine the question of burden of proof. In the case of *Rowe* v. *Policy Holders Life Ins. Assn.*, 131 Cal. App. 339, 342 [21 Pac. (2d) 443], this court points out that such statements in the last two of said cases relied upon by appellant were *dicta* and lays down the principal that the burden is not upon the plaintiff, but is upon the corporation defendant to show that the place of filing such an action as this is not the proper county for trial. So far as it relates to such burden of proof, said case of *Rowe* v. *Policy Holders Life Ins. Assn.*, *supra*, is cited with approval in *Union Oil Co.* v. *Basalt Rock Co., Inc.*, 30 Cal. App. (2d) 317, 319 [86 Pac. (2d) 139].

■ That the burden of proof is upon defendant in such cases is, no doubt, the reasonable view, because a corporation which is the sole defendant in a transitory action, unlike a natural person who is a defendant in such an action, does not have an absolute right to have the action either commenced or removed to the county where its principal place of business is situated, that being its legal residence (*Gallup* v. *Sacramento etc. Drainage Dist.*, 171 Cal. 71, 74 [151 Pac. 1142]), merely upon the ground that its residence is in a different county from the one in which the action is brought.

■ Under the constitutional provision plaintiff had the right to elect to sue the corporation defendant in the county where the contract sued upon was made, or was to be performed, or in which the obligation or liability arose, or the breach occurred, and it follows that, having the right to sue the corporation in such county, plaintiff also has the right to have the action tried or prosecuted to a finality in such county, unless the place of trial is changed for some sufficient reason other than that of residence of the corporation defendant. (*Lakeside Ditch Co.* v. *Packwood Canal Co.*, 50 Cal. App. 296, 302 [195 Pac. 284].) A similar case to the one at bar is the case of *Chase* v. *South Pacific Coast Railroad Co.*, 83 Cal. 468, wherein the court said, at page 472 [23 Pac. 532]: "The only venue laid in the complaint is in the title thereof; there is nothing in the body of it to show within what county the defendant refused to perform its duty as a common car-

rier toward plaintiffs; but as the court has jurisdiction of the subject-matter of this action . . . and as an action upon the breach of such an obligation may be brought in the county where the breach occurred, as well as in the county where the defendant has its principal place of business . . . , the action was presumptively brought in the proper county, and it devolved upon the defendant to show, upon its motion, that the breach of its obligation as a common carrier, declared upon by plaintiffs, did not occur in Santa Cruz County. Having failed to do this, the motion was properly denied; . . . '' Article XII, section 16 of the Constitution has been held to be permissive and does not prevent a plaintiff suing a corporation in any other county in the state (*Hobson v. Metropolitan Cas. Ins. Co.*, 114 Cal. App. 349, 353 [300 Pac. 87]), and under section 396 of the Code of Civil Procedure, in the absence of a motion for a change of venue, the case could be tried there. It follows, therefore, that, even if we assume that in the instant case the only venue laid in the complaint is in the title thereof, ''the burden is not on the plaintiff to show that such an action was brought in the proper county or that he comes within an exception to the general rule, but the burden is on a corporation defendant to show that the place of filing such an action as this is not the proper county for trial, which may not be done by a showing of residence alone''. (*Rowe v. Policy Holders Life Ins. Assn.*, supra, p. 344; *Union Oil Co. v. Basalt Rock Co., Inc.*, supra.) Applying this rule to the present case, the venue, as laid in the title of the action, made out a *prima facie* case, and the defendant's motion, having been made on the sole ground of residence, the trial court properly denied the motion.

 In the instant case it is not necessary to resort to the rule above stated, for a reading of the allegations of the complaint discloses that the contract which forms the basis upon which this suit is predicated was to be performed in San Luis Obispo County, within the meaning of article XII, section 16 of the Constitution. The complaint alleges that the land, which was the subject of the agreement, is situated in that county. The operations of defendant in caring for and harvesting the crops on said lands under the agreement were necessarily to be carried on in San Luis Obispo County, where the land was situated. The taxes were to be paid in that county. In *Rawson v. J. C. Forkner Fig Gardens, Inc.*, 206

Cal. 4, 6 [272 Pac. 1057], the plaintiff sued for money alleged to be owing to him by the corporation defendant as commissions for the sale of real property situated in Fresno County. The court said that the contract related to services to be performed in Fresno County and held that it was, by its terms, to be performed there. In this connection appellant asserts that this case, being a suit for an accounting, is not a contract action and, therefore, it would be immaterial where the contract was made or where the breach occurred and that any obligation to account must arise in the county of defendant's residence. However, the necessity for an accounting, and defendant's obligation to account to plaintiff and pay any sum found to be owing, arose out of the agreement between the parties, and it seems apparent from the complaint that the obligation or liability of defendant arose in San Luis Obispo County when, in the course of defendant's operations on plaintiff's land in said county, under the agreement, defendant harvested and took into its possession sufficient crops to defray the operating expenses, and pay the taxes, and make a profit, and retained for its own use all or part of the proceeds of said crops. The accounting is but an incident of the transaction and the place of performance of the agreement becomes important in determining the venue under the facts of this case. ▮ Moreover, the complaint alleges that, during the operations of defendant under the agreement, plaintiff was absent from the state and had no knowledge of the true receipts and expenses of said operations, but that plaintiff took up his residence in this state and took possession of said land in August, 1936, and, having learned that profits had been received by defendant, plaintiff demanded that defendant pay him the amount due to him from defendant, which he alleges is in excess of $2,000. Assuming the truth of these allegations, as we must for the purpose of this appeal, it was the duty of defendant, as a part of its performance of the agreement, to pay to plaintiff the amount due under said agreement when plaintiff demanded such payment. In the absence of any agreement or stipulation to the contrary, a debt is payable at the place where the creditor resides or wherever else he may be found. (24 Cal. Jur. 521.) Plaintiff could then be found in San Luis Obispo County, as the complaint shows, and defendant failed to pay the debt and thus discharge its obligation to plaintiff. This consti-

tuted a breach of defendant's promise to pay plaintiff such excess profits, and the debt being then payable in San Luis Obispo County, the breach occurred in that county within the meaning of the constitutional provision above mentioned.

We conclude that the burden was upon defendant to show grounds for removal of the place of trial other than the fact that its principal place of business was in another county, and, having failed to meet this burden, the motion was properly denied; and that an additional reason appears in this case to justify the order denying the motion in that the complaint shows directly, or by inference, that the contract was to be performed, and the obligation or liability arose, in the county in which the suit was filed.

The order appealed from is affirmed.

Barnard, P. J., and Marks, J., concurred.