[Civ. No. 14614. Second Dist., Div. One. Jan. 18, 1945.]

D. L. TAYLOR, Appellant, v. J. B. HILL COMPANY (a Corporation), Respondent.

Ogden, Crocker & Steelman for Appellant.

Clyde E. Cate for Respondent.

582

DRAPEAU, J. pro tem.—Plaintiff and defendant's agent entered into an oral contract of purchase and sale of barley. This agreement was made in Los Angeles. The defendant is a corporation with its principal place of business in Fresno. Being advised of the contract by telephone, the defendant in writing confirmed the sale on the same day. This confirmation was made at Fresno, and mailed to the plaintiff at Los Angeles. Likewise, on the same day, the plaintiff made a writing confirming the sale. This confirmation was executed in Los Angeles and mailed to the defendant at Fresno.

The superior court made its order changing place of trial to Fresno County. From this order plaintiff appeals.

■ Being a corporation, the defendant may be sued in the county where the contract was made. (Const., art. XII, § 16; *Hiett* v. *Inland Finance Corp.*, 204 Cal. 195 [267 P. 320]; *Burr* v. *Western States Life Ins. Co.*, 211 Cal. 568 [269 P. 273]; *El Claro Oil & Gas Co.* v. *Bank of Corning*, 7 Cal. App.2d 670 [46 P.2d 977]; *Konig* v. *Associated Almond Growers*, 37 Cal.App.2d 360 [99 P.2d 678].)

The case has been briefed apparently on the theory that the two instruments of confirmation are part of the contract. Defendant argues that the written confirmation by the defendant at Fresno was the last act necessary for the formation of the contract, the place where the final act was done; (Restatement of the Law of Contracts, § 74, p. 80) therefore the contract was made in Fresno, and the place of trial of the action to enforce it is in that county. (*C. H. Parker Co., Inc.* v. *Exeter Refining Co.*, 26 Cal.App.2d 610 [79 P.2d 1114].) On the contrary, the plaintiff argues that the confirmation by him was an acceptance of the confirmation by the defendant, and that this instrument having been executed in Los Angeles County and mailed to Fresno was the last act in the making of the contract, and the place of trial must be in Los Angeles County.

■ However, both confirmations were made to comply with the statute of frauds. The oral contract was valid at all times. Lacking written confirmation, it was unenforceable only. Such oral contracts in California are voidable and not void. (37 C.J.S. 721; *O'Brien* v. *O'Brien*, 197 Cal. 577 [241 P. 861, 864]; *Salomon* v. *Ellis*, 34 Cal.App.2d 672 [94 P. 2d 393].) ■ Therefore, the contract having been made in

Los Angeles County by a corporate defendant, and the plaintiff having elected to file his action in that county, under our Constitution the place of trial is Los Angeles County.

Only one further matter needs consideration and that is the suggestion by the defendant corporation that the action being for money only, the place of trial is Fresno County. This has been decided adversely to the defendant in *Hammond* v. *Ocean Shore Dev. Co.,* 22 Cal.App. 167 [133 P. 978], and *Lakeside Ditch Co.* v. *Packwood Canal Co.,* 50 Cal.App. 296 [195 P. 284].

The order changing place of trial is reversed.

York, P. J., and White, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied March 15, 1945.