[Civ. No. 10806.   First Appellate District, Division One.—January 11, 1939.]

UNION OIL COMPANY OF CALIFORNIA (a Corporation), Appellant, v. BASALT ROCK COMPANY, INC. (a Corporation), Respondent.

Cooney & Kelley, L. C. Kelley and Myron E. Smith for Appellant.

Clarence N. Riggins for Respondent.

WARD, J.—Plaintiff filed an action against defendant in Contra Costa County to recover judgment for a balance due on the purchase price of certain stove oil. Defendant moved for a change of venue to Napa County. The motion was granted and plaintiff appealed.

It appears from the complaint, the contract attached thereto and the affidavits on file that the principal place of business of the defendant corporation is in the city of Napa, county of Napa; that the contract was prepared in duplicate, signed on behalf of defendant corporation, and delivered to plaintiff's agent in Napa. The duplicate agreement, executed by the plaintiff corporation, was delivered personally by its agent in Napa. All orders for oil were placed by telephone from defendant's office to plaintiff's agent in Napa. Under the terms of the contract all deliveries of products were deemed to be complete when made by plaintiff, f. o. b. from the loading racks at Oleum in Contra Costa County. Defendant corporation receipted for the oil at Oleum and assumed the expense and risk of transportation to certain designated points. The contract also provided that "all oil delivered hereunder in any calendar month shall be paid . . . " for at the seller's office at Napa on or before the 10th day of the next calendar month. Likewise the contract provided that the "seller may, at its option, require the purchase price to be paid at the time of delivery". The complaint is silent relative to the exercise of the option to require payment of the purchase price at the time of delivery, and we therefore conclude that the seller delivered the oil under the provision of the contract requiring that payment should be made "at seller's office at Napa".

Article XII, section 16, of the Constitution of the state of California, provides: "A corporation or association may be sued in the county where the contract is made or is to be performed, or where the obligation or liability arises or the breach occurs; or in the county where the principal place of business of such corporation is situated, subject to the power of the court to change the place of trial as in other

cases.'' It is incumbent upon the moving party to show that the contract was not made; that it was not performed; that the obligation or liability did not arise, and that the breach did not occur, in Contra Costa County. (*Gas Appliance Sales Co.* v. *W. B. Bastian Mfg. Co.*, 87 Cal. App. 301 [262 Pac. 452]; *Lakeside Ditch Co.* v. *Packwood Canal Co.*, 50 Cal. App. 296 [195 Pac. 284]; *Rowe* v. *Policy Holders Life Ins. Assn.*, 131 Cal. App. 339 [21 Pac. (2d) 443].) ▮ It is clear that the contract was made in Napa County and that any breach thereof occurred in Napa County upon the date or dates when defendant was obligated to pay for the oil and failed to do so.

The contract was to be performed partly in one county and partly in another. Under such circumstances the last step toward the completion of the contract determines the situs of performance. (*Fitzhugh* v. *University Realty Co.*, 46 Cal. App. 198 [188 Pac. 1023]; *Rawson* v. *J. C. Forkner Fig Gardens, Inc.*, 206 Cal. 4 [272 Pac. 1057]; *Hammond* v. *Ocean Shore Dev. Co.*, 22 Cal. App. 167 [133 Pac. 978].) The last act to be performed under the terms of the contract, namely, the payment of the money, was to be performed in Napa County.

▮ The main contention of appellant is that the obligation and liability arose in Contra Costa County. The place of performance and the place where the obligation or liability arose are often interlocked so that it is difficult to separate one from the other. The contract created the relationship of seller and buyer. Ordinarily as soon as the sale is made the relationship of seller and buyer changes to that of creditor and debtor, but this is not true unless the debt is due. The term ''indebted'' means that an absolute liability exists. (*Provident Mutual Building Loan Assn.* v. *Davis*, 143 Cal. 253 [76 Pac. 1034].) A debt may be payable immediately, and under such circumstances liability does not accrue until the indebtedness has matured.

The framers of section 16, article XII, of the Constitution may have intended that the word ''liability'' had reference to responsibility for a tort, and that the word ''obligation'' was to be construed in reference to express or implied agreements. The words are often used synonymously, though ''liability'' has a more comprehensive meaning. Liability is a condition which creates a duty to perform an act, but the

performance may be immediate or in the future. (36 Cor. Jur., p. 1050 et seq.)

An obligation is a legal duty by which a person is bound to do or not to do a certain thing. It arises from the contract of the parties or by operation of law. (Civ. Code, secs. 1427, 1428.) In this case it was predicated upon a written contract and hence must be interpreted to give effect to the mutual intentions of the parties. (Civ. Code, sec. 1636.) The contract provided for the delivery of oil in Contra Costa County, and the payment therefor in Napa County. This suit is brought not alone for the delivery of the oil but for nonpayment therefor. The allegations of the complaint in reference to delivery are merely necessary recitations leading up to the real basis of the action, namely, the nonpayment.

In a written contract there may be given to the respective parties many and various rights and obligations. When defendant availed itself of the right in Napa to order delivery of the oil, the plaintiff was obligated to make such delivery in Contra Costa County. Upon the delivery, an obligation to pay was imposed upon defendant, but this liability was potential and not absolute. There was no existing agreement to pay immediately. On the contrary, the obligation did not arise until the 10th of the month following delivery. This obligation to pay arose in Napa County. The cases cited by appellant are actions in tort or actions on insurance policies, which may be generally brought in the county where the loss occurs, or actions wherein the defendant did not have a residence in California.

We have before us a case wherein it appears that under the terms of the agreement certain obligations necessary toward the consummation of the contract arose and were to be performed in one county, and other acts ultimately arising were to be performed in another county. Under such circumstances it is fair to determine that the obligation that arose to cause the filing of the action is the obligation referred to in section 16 of article XII of the Constitution in determining the place wherein the corporation may be sued.

The order appealed from is affirmed.

Tyler, P. J., and Knight, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 2, 1939.