[Civ. No. 9287.  Third Dist.  May 26, 1958.]

JOHN CARL OWENS, Appellant, v. PARACO, INC. (a Corporation), Respondent.

Rowland & Paras for Appellant.

Rowell, Lamberson & Thomas, Milo E. Rowell, R. Z. Lamberson and Breckinridge Thomas for Respondent.

VAN DYKE, P. J.—This is an appeal from an order granting a change of venue from the county of Sacramento to the county of Fresno where the corporate respondent has its principal place of business.

Appellant, in this action, seeks to recover compensation for overtime allegedly worked between 1954 and 1956.  In support of its motion for change of venue, respondent filed an affidavit,

wherein it averred the following: That the principal place of business of the respondent was at all pertinent times in the county of Fresno; that on June 25, 1951, the appellant was employed by respondent by an oral agreement made at respondent's principal place of business; that appellant's duties were those of a route driver on routes maintained by respondent for picking up waste lubricating oil and that respondent picked up oil for delivery either to respondent's principal place of business in Fresno County or to temporary storage tanks located at various points in the state for the convenience of route drivers; that from the time of appellant's original employment until January 21, 1953, appellant was assigned to the general area bounded on the north by the city of Stockton, and on the south by the city of Bakersfield; that on January 21, 1953, appellant was assigned one of respondent's pick-up routes in the general area bounded by the city of Stockton on the south, the Oregon border on the north, the Coast Range Mountains on the west, and Reno to the east; that thereupon appellant moved his residence to the county of Sacramento; that the greater part of appellant's time thereafter was taken in collecting oil in the counties north of Sacramento County; that for the most part he deposited the oil in temporary storage tanks in Sacramento, lesser amounts being deposited in Stockton and at times appellant transported the oil to Fresno County; that at all times respondent paid appellant by checks issued in Fresno County, drawn on a bank in Fresno County; that after moving to Sacramento appellant came to respondent's principal place of business about once every six to seven weeks with oil he had collected and at such times his pay check was delivered to him personally in Fresno County; that at other times respondent mailed appellant's pay check to him in Sacramento County where appellant resided.

Appellant filed no counteraffidavit, but relies in part on certain allegations in his pleading. They are that from 1952 to June of 1956, when he terminated employment with respondent, he was employed by respondent in Sacramento County; that the place for payment of his wages was in Sacramento County; that he was employed on a basis whereby he was paid weekly; that he sues for time worked weekly in excess of 40 hours under the provisions of the "Fair Labor Standards Act of 1938" (29 U.S.C.A. § 201 et seq.); that the place where overtime should have been paid was Sacramento

County; that the place for payment of wages pursuant to his contract of employment was Sacramento County.

█ Respondent attacks the foregoing allegations of the appellant's complaint as being no more than legal conclusions which must be disregarded in passing upon the propriety of the order changing venue. We think it unnecessary to discuss this contention. Taken as admitted in all of its parts, the affidavit of respondent will not support the order changing venue. A corporation may be sued in the county where the contract is made or is to be performed, or where the obligation of liability arises, or the breach occurs, or in the county where the principal place of business of the corporation is situated. (Cal. Const., art. XII, § 16.) █ It is incumbent upon the moving party to show not only the place of its residence or principal place of business, but also that the contract was not made, that it was not to be performed, that the obligation or liability did not arise and that the breach did not occur in the county wherein the venue is originally placed by the filing of plaintiff's complaint. (*Union Oil Co.* v. *Basalt Rock Co., Inc.* 30 Cal.App.2d 317 [86 P.2d 139], citing *Gas Appliance Sales Co.* v. *W. B. Bastian Mfg. Co.,* 87 Cal.App. 301 [262 P. 452]; *Lakeside Ditch Co.* v. *Packwood Canal Co.,* 50 Cal.App. 296 [195 P. 284]; *Rowe* v. *Policy Holders Life Ins. Assn.,* 131 Cal.App. 339 [21 P.2d 443]. See also *Killam* v. *Riley,* 125 Cal.App.2d 394 [270 P.2d 544].)

We quote the following from *Konig* v. *Associated Almond Growers,* 37 Cal.App.2d 360, 364-365 [99 P.2d 678]:

". . . [E]ven if we assume that in the instant case the only venue laid in the complaint is in the title thereof, 'the burden is not on the plaintiff to show that such an action was brought in the proper county or that he comes within an exception to the general rule, but the burden is on a corporation defendant to show that the place of filing such an action as this is not the proper county of trial, which may not be done by a showing of residence alone.' "

█ Turning now to the affidavit of respondent's president to test its sufficiency to support the order appealed from, we find the following: Appellant's suit is based on a federal statutory liability which requires the payment of additional compensation to an employee whenever the employee is required to work in excess of 40 hours per week. There is no liability to pay the overtime compensation except as and when an excess of 40 hours' labor per week is performed. Upon

such performance the statutory obligation to pay overtime instantaneously arises. There is not the slightest reference in the affidavit of respondent's president to the effect that any excess time in any week was put in in Fresno County. Presumptively, therefore, the obligation sued on arose in the county where the suit was filed.

The judgment is reversed.

Schottky, J., and Warne, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.