[Civ. No. 24059. Second Dist., Div. Two. May 20, 1960.]

RAE KUPERSMITH, Appellant, v. SAN FRANCISCO SHIPPERS, INC. (a Corporation), Respondent.

Eller, Winton & Winkelman, Jay J. Eller and Irwin Buter for Appellant.

No appearance for Respondent.

HERNDON, J.—In an action brought in Los Angeles County against one corporate and two individual defendants, the court granted the motion of the corporate defendant for a change of venue to San Francisco County, the location of its principal office. The plaintiff has appealed. Since the corporate defendant has filed no respondent's brief, we are proceeding under rule 17(b), Rules on Appeal.

The complaint contains four counts alternatively alleging a contract, services and labor performed, an account stated and an open book account. The complaint contains no allegation as to where the contract was made or to be performed, where the obligation arose or the breach occurred, or where the corporate defendant's principal place of business was situated.

The corporate defendant, respondent here, moved for a change of venue, and filed affidavits by its manager, defendant Rene, by its employee, defendant Rowley, and by its vice-president. The substance of these affidavits was (1) that defendants Rene and Rowley had no business relationship with the plaintiff other than in their capacities as agents of the corporation; (2) that the corporation was in the business of collecting carload lots of goods and merchandise and shipping these lots via common carrier between Los Angeles and San Francisco; (3) that the corporation had and has its principal place of business at San Francisco; and (4) that Rene resides in San Mateo and Rowley in Los Angeles. In support of its motion the corporation relied upon the grounds that (1) its principal place of business is San Francisco, not Los Angeles, and (2) that Rowley was improperly joined as a defendant for the sole purpose of attempting to establish venue in Los Angeles County.

So far as the rights of the corporate defendants are concerned, venue is governed, not by section 395 of the Code of Civil Procedure, but by the self-executing provisions of section 16, article XII, of the California Constitution. (*Hale v. Bohannon*, 38 Cal.2d 458, 470 [241 P.2d 4]; *Blumer v. Kirkman Corp.*, 38 Cal.2d 480, 485 [241 P.2d 17].) The constitutional provision reads as follows: "A corporation or association may be sued in the county where the contract is

made or is to be performed, or where the obligation or liability arises, or the breach occurs; or in the county where the principal place of business of such corporation is situated, subject to the power of the court to change the place of trial as in other cases."

▌ It is not sufficient for a corporate defendant seeking a change of venue to show that its principal place of business is located in the county to which it seeks to have the action transferred. "It is incumbent upon the moving party to show not only the place of its residence or principal place of business, but also that the contract was not made, that it was not to be performed, that the obligation or liability did not arise and that the breach did not occur in the county wherein the venue is originally placed by the filing of plaintiff's complaint." (*Owens* v. *Paraco, Inc.*, 160 Cal.App.2d 824, 826 [325 P.2d 513]; *Union Oil Co.* v. *Basalt Rock Co.*, 30 Cal.App.2d 317, 319 [86 P.2d 139].) The fact that individual defendants have been joined does not expand the corporation's right of removal. (*Pacific Bal Industries* v. *Northern Timber, Inc.*, 118 Cal.App.2d 815, 826 [259 P.2d 465]; *Rutherford* v. *New York Hanseatic Corp.*, 153 Cal.App.2d 462, 465 [314 P.2d 560]; 51 Cal.Jur.2d 17-18, Venue, § 8, and cases cited therein.)

▌ Section 16 of article XII is permissive and thus does not, of itself, prevent a plaintiff from suing in any county in the state. (*Pacific Bal Industries* v. *Northern Timber, Inc.*, supra, at 826; *Rutherford* v. *New York Hanseatic Corp.*, supra, at 464.) ▌ Venue as laid by the title of the action is sufficient to make a prima facie case for trial in the county where the action was initiated (*Pacific Bal Industries* v. *Northern Timber, Inc.*, supra, 826; *Konig* v. *Associated Almond Growers*, 37 Cal.App.2d 360, 364-365 [99 P.2d 678]; *Chase* v. *Southern Pacific Railroad Co.*, 83 Cal. 468, 472-473 [23 P. 532]). In *Chase* v. *Southern Pacific Railroad Co.*, supra, at 472-473, the court's language as follows is dispositive of the case at bar: "The only venue laid in the complaint is in the title thereof; there is nothing in the body of it to show within what county the defendant refused to perform its duty . . . but as the court has jurisdiction of the subject-matter . . . [citations], and as an action upon the breach of such an obligation may be brought in the county where the breach occurred, as well as in the county where the defendant has its principal place of business (Cal. Const., art. XII, § 16), the action was presumptively brought in the proper county, and it devolved upon the defendant to show, upon its motion,

that the breach of its obligation . . ., did not occur in Santa Cruz County."

Respondent in the case at bar has wholly failed to sustain its burden of showing that it was not properly sued in Los Angeles County under any of the several permissive provisions of article XII, section 16, of the state Constitution. From all indications, respondent has proceeded upon the erroneous theory that it is at least presumptively entitled to have the action transferred to the county in which its principal office is located.

Reversed.

Fox, P. J., and Ashburn, J., concurred.