[Civ. No. 20288. First Dist., Div. Three. Feb. 7, 1963.]

CECILIE AILEEN SMITH et al., Plaintiffs and Appellants, v. STANFORD RESEARCH INSTITUTE, Defendant and Respondent.

Vernon W. Humber for Plaintiffs and Appellants.

Barfield, Barfield & Dryden for Defendant and Respondent.

SALSMAN, J.—Plaintiffs appeal from an order of the trial court granting defendant Stanford Research Institute's motion for a change of venue. Plaintiffs' contention is that defendants' affidavits filed in support of the motion are not sufficient to support the court's order as a matter of law. This claim is meritorious and the order must be reversed.

The various plaintiffs, as surviving widows and children of decedents, brought this action to recover damages for wrongful death arising out of an airplane accident in which several persons lost their lives. Defendants Nystrom Aviation and Stanford Research Institute are California corporations, and defendant Board of Trustees of Leland Stanford Junior University exercises corporate powers pursuant to section 30001 of the Education Code. It appears from the record that the defendants were engaged in an electronic and communications research project; that they leased an airplane from the California Aircraft Engine Company for use in and about Alaska; that the defendant Nystrom Aviation installed certain electronic and radar equipment in the plane, and that while engaged in the project the plane was lost. The complaint contains two causes of action for each of the plaintiffs; the first cause of action is based on claimed negligent conduct on the part of the defendants, and the second cause of action rests upon an alleged breach of express and implied warranties relating to the fitness of the equipment installed in the airplane, and the airworthiness of the plane itself.

The defendant Stanford Research Institute filed a motion to change venue to San Mateo County, its principal place of business. In its affidavit in support of the motion it alleged that "the accident mentioned in the complaint did not occur in the City and County of San Francisco." The defendant Nystrom Aviation filed an affidavit alleging its principal place of business to be in San Mateo County, and the affidavit of the defendant Board of Trustees of Leland Stanford Junior University stated that its principal place of business was in Santa Clara County. None of the affidavits or documents filed in support of the motion made any reference to the claimed warranties or their alleged breach, other than the statement in the affidavit of an officer of Stanford Research Institute to the effect that the accident did not occur in San Francisco.

 Article XII, section 16 of the California Constitution grants to a plaintiff a wide choice of venue in a suit against a corporation. It reads: "A corporation or association may be

sued in the county where the contract is made or is to be performed, or where the obligation or liability arises, or the breach occurs; or in the county where the principal place of business of such corporation is situated, subject to the power of the court to change the place of trial as in other cases." The language of this constitutional provision is couched in the disjunctive, and thus a plaintiff is given a choice of bringing his action in any county which will satisfy any one of the provisions of section 16. (*Miller & Lux* v. *Kern County Land Co.,* 134 Cal. 586 [66 P. 856]; *McDuffie* v. *California Tehama Land Corp.,* 138 Cal.App. 245 [32 P.2d 385].)

 The object and purpose of the section is to permit a wider choice of venue in suits against corporations than is permitted in suits against individuals. (*Hale* v. *Bohannon,* 38 Cal.2d 458, 469 [241 P.2d 4].) Moreover, in the absence of an affirmative showing to the contrary, the presumption is that the county in which the title of the action shows that it is brought is, prima facie, the proper county for the commencement and trial of the action. (*Lakeside Ditch Co.* v. *Packwood Canal Co.,* 50 Cal.App. 296 [195 P. 284]; *J. C. Millett Co.* v. *Latchford-Marble Glass Co.,* 144 Cal.App. 2d 838 [302 P.2d 914].) An examination of the complaint here reveals that the plaintiffs did not allege where the contracts underlying the breach of warranty counts were entered into or where they were to have been performed, or the place where defendants' obligations or liabilities to plaintiffs arose, or when defendants' breach occurred. Nevertheless, venue in the City and County of San Francisco was presumptively proper, and the burden rested upon defendants to demonstrate to the court that venue in the City and County of San Francisco was not proper. This they have not done, because none of the defendants' affidavits make any direct reference to the causes of action for claimed breach of warranty; none of them affirmatively alleges that the claimed warranties were not made or entered into in the City and County of San Francisco, or that defendants' obligations with respect to the warranties did not arise there. Apart from the statement that the accident did not occur in San Francisco, the showing made in the affidavits is that each of the defendants has its principal place of business in San Mateo or Santa Clara County and not in the City and County of San Francisco. This is not sufficient. In *Kupersmith* v. *San Francisco Shippers, Inc.,* 181 Cal.App.2d 144 [5 Cal.

Rptr. 123] at page 146, the court said: "It is not sufficient for a corporate defendant seeking a change of venue to show that its principal place of business is located in the county to which it seeks to have the action transferred. 'It is incumbent upon the moving party to show not only the place of its residence or principal place of business, but also that the contract was not made, that it was not to be performed, that the obligation or liability did not arise and that the breach did not occur in the county wherein the venue is originally placed by the filing of plaintiff's complaint.' (*Owens* v. *Paraco, Inc.,* 160 Cal.App.2d 824, 826 [325 P.2d 513]; *Union Oil Co.* v. *Basalt Rock Co.,* 30 Cal.App.2d 317, 319 [86 P.2d 139].)"

Thus, a corporate defendant seeking a change of venue has the burden of negating the propriety of venue as laid on all possible grounds. (*Shida* v. *Japan Food Corp.,* 185 Cal. App.2d 443, 447 [8 Cal.Rptr. 271]; *Shores* v. *Chip Steak Co.,* 130 Cal.App.2d 620, 623 [279 P.2d 591].)

The defendant Stanford Research Institute argues in its brief that it has made a sufficient showing to uphold the trial court's order because plaintiffs' suit is one to recover damages for wrongful death, and that the action is solely in tort. This contention cannot be sustained. Each of the plaintiffs has pleaded a basis for contractual liability by alleging breach of both express and implied warranties. We do not pass upon the sufficiency of the complaint to state a cause of action for breach of warranty. In passing upon the motion to change venue the court must take the pleading as it is written. Its sufficiency to accomplish the purpose intended is not before us, and we do not speculate upon the appearance of the complaint after it is tested by the demurrer, or as it may be tested by motions to strike. (*Eckstrand* v. *Wilshusen,* 217 Cal. 380, 382 [18 P.2d 931]; *Kaluzok* v. *Brisson,* 27 Cal.2d 760, 765 [167 P.2d 481, 163 A.L.R. 1308]; *Lefurgey* v. *Prentice,* 36 Cal.App. 338, 342 [171 P. 1080]; *Shores* v. *Chip Steak Co., supra,* 130 Cal.App.2d 620, 623-4; *Kostal* v. *Pullen,* 36 Cal.2d 528, 530 [225 P.2d 217].)

Here the complaint alleges wrongful death arising out of claimed negligent conduct and also out of a claimed breach of contractual duties on the part of the defendants. In their affidavits the defendants have not sustained the burden of showing that the claimed warranties were not made or to be performed in the City and County of San Francisco, or that their obligation or liability under the warranties did not arise there.

It follows that the motion to change venue should have been denied.

The order is reversed.

Draper, P. J., and Devine, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied April 3, 1963.