[Civ. No. 7036. Fourth Dist. Feb. 28, 1963.]

GENERAL STEEL AND WIRE COMPANY, INC., Plaintiff and Respondent, v. STRYCO MANUFACTURING COMPANY, Defendant and Appellant.

496

Albert E. Polonsky, for Defendant and Appellant.

Badger, Schulte & Ward and Gerald F. Schulte for Plaintiff and Respondent.

COUGHLIN, J.—This is an appeal from an order denying a motion for a change of venue entered while the law permitting the taking of such an appeal was in effect, i.e., before the 1961 amendment of section 963 of the Code of Civil Procedure.

The plaintiff-corporation, respondent herein, purchased a wire fabric welder from the defendant-corporation, appellant herein; by this action seeks to recover damages on account of an alleged breach of implied warranty; and, in its complaint, which was unverified, alleged that the defendant "contracted to perform . . . the obligation upon which the within action is brought in the County of Riverside, State of California."

The defendant is a California corporation having its principal place of business in the City and County of San Francisco; moved for a change of venue to the latter city and county upon the ground that its residence was at that place; and supported its motion by a declaration of its president executed under penalty of perjury, to which copies of a purchase order and a conditional contract of sale were attached. The court denied the motion.

"A corporation or association may be sued in the county where the contract is made or is to be performed, or where the obligation or liability arises, or the breach occurs; or in the county where the principal place of business of such corporation is situated, subject to the power of the court to change the place of trial as in other cases." (Cal. Const., art. XII, § 16.)

Where the allegations in a complaint against a corporation establish the right of the plaintiff to retain the trial of the action in the county in which it was commenced, the burden is upon the defendant corporation seeking a change of venue to the county of its residence to establish that none of the constitutionally prescribed grounds exist which would authorize a trial of the action in the county wherein the venue originally was placed by filing the complaint. (*Owens* v. *Paraco, Inc.*, 160 Cal.App.2d 824, 826 [325 P.2d 513]; *Shores* v. *Chip Steak Co.*, 130 Cal.App.2d 620, 623 [279 P.2d 591]; *Pacific Bal Industries* v. *Northern Timber, Inc.*, 118 Cal.App.2d 815, 826 [259 P.2d 465].) Therefore, the defendant in the instant action, in support of its motion for change of venue, was required to prove, among other things, that the subject warranty was not performable or breached in the County of Riverside.

The defendant directs our attention to the fact that the complaint herein is unverified; that there is no counter-affidavit controverting the facts set forth in its declaration; and that, therefore, the statements in the latter are controlling. However, insofar as the declaration does not deny or meet any of the allegations which would establish the plaintiff's right to try its action in Riverside County, it is insufficient to support the instant motion and the uncontroverted allegations of the complaint may be considered in ruling thereon. (*Quick* v. *Corsaro,* 180 Cal.App.2d 831, 835 [4 Cal.Rptr. 674].)

"In a suit upon the contract of a corporation, where no place of performance is expressly stipulated, it ought to be held performable in the place where the circumstances, viewed in the light of pertinent code provisions, indicate that the parties expected or intended it to be performed." (*Bank of Yolo* v. *Sperry Flour Co.*, 141 Cal. 314, 316 [74 P. 855, 65 L.R.A. 90]; accord: *Hale* v. *Bohannon*, 38 Cal.2d 458, 466 [241 P.2d 4]; *Pacific Bal Industries* v. *Northern Timber, Inc., supra,* 118 Cal.App.2d 815, 827.)

Applying the foregoing rule to facts appearing from uncontradicted averments in the plaintiff's complaint and from the declaration filed by the defendant, including copies of the purchase order signed by the plaintiff and the contract of sale executed by both parties, the trial court was entitled to find that the instant breach of warranty action is based upon an implied warranty that the equipment purchased by the plaintiff was fit and proper for the purpose of manufacturing welded wire fabric at its plant in Riverside; that this equipment was shipped to and received by the plaintiff at that plant; that it still is located there; that while at this plant both the plaintiff and the defendant worked upon the equipment to place it in a condition to do that which the plaintiff claims the defendant warranted it would do; and that, for these reasons, the warranty in question was performable and the breach thereof occurred in Riverside. Under established rules we must assume that the trial court impliedly found accordingly. (*Estate of Rule,* 25 Cal.2d 1, 10 [152 P.2d 1003, 155 A.L.R. 1319].) The question of where a contract is to be performed is one of fact, and the determination of a trial court upon that issue will not be interfered with on appeal if there is any substantial evidence, including any inferences reasonably deducible from the facts established thereby, which supports it. (*Hale* v. *Bohannon, supra,* 38 Cal.2d 458, 466.)

The plaintiff's purchase order stated, among other things: "Ship to: us at Riverside"; "Ship via truck"; and "F.O.B. —S.F.O." The defendant contends that the contract was to be performed in San Francisco, and that performance occurred when, pursuant to the aforesaid purchase order, it delivered the subject equipment for shipment f.o.b. at that place. As applied to the instant action, this contention disregards the fact that the plaintiff is suing for breach of an implied

warranty rather than for breach of a covenant to deliver the equipment in question. The authorities cited in support of defendant's position are not controlling.

The order is affirmed.

Griffin, P. J., and Monroe, J. pro tem.,* concurred.