[Civ. No. 22346. First Dist., Div. Three. Jan. 7, 1965.]

PACIFIC AIR LINES, INC., Petitioner, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent; KATHLEEN DRAGOIU et al., Real Parties in Interest.

Bronson, Bronson & McKinnon and Ernest M. Thayer for Petitioner.

No appearance for Respondent.

Shirley, Saroyan, Cartwright & Peterson and Paul L. DeVries for Real Parties in Interest.

DRAPER, P. J.—This petition for mandate to compel transfer of a superior court action from San Francisco to San Mateo County is a companion case to 1 Civil No. 22345, decided this day (*ante*, p. 587 [42 Cal.Rptr. 68]). Real

parties in interest, as heirs at law, seek damages for the death of their intestate in the same airplane accident which gave rise to the wrongful death action in that case. The present case differs in that plaintiffs here pleaded counts for negligence, breach of contract, breach of warranties (both express and implied) and strict liability in tort. Counts 1 and 4 are in tort, and are disposed of by our opinion in the companion case.

The additional counts, however, sound in contract, and present a new venue issue. Petitioner corporation may be sued "in the county where the contract is made or is to be performed, . . . or the breach occurs" (Cal. Const., art. XII, § 16). Real parties concede that the crash occurred in Contra Costa County. They contend neither that the contract of carriage was to be performed in or over San Francisco, nor that the breach occurred in San Francisco. Thus the issue is solely where the contract was "made." Petitioner's declaration avers that decedent purchased his ticket at San Francisco International Airport, in San Mateo County.

Real parties' claim that the ticket was purchased in San Francisco is based upon the declaration of decedent's daughter: "That on the morning of May 6, 1964, I had a conversation with my father, the deceased JOHN DRAGOIU, regarding his proposed trip to Reno, and that my father pointed out to me an ad in the newspaper regarding a travel agency named JEANETTE's TRAVEL SERVICE, INC., 100 Waverly Place, San Francisco, California, and that he informed me that if anything happened that he had made and paid for his reservations through that travel agency. I am informed and believe, and therefore declare, that the reservations and the tickets were made, paid for and delivered by JEANETTE's TRAVEL SERVICE, INC., at its office at 100 Waverly Place, San Francisco, California."

The first portion of this declaration deals solely with what the father told his daughter, and is clearly hearsay. We do not comprehend real parties' argument that the statement ceases to be hearsay because the daughter, seeing her father point to the travel agency ad, became a "percipient witness." She still avers only information imparted to her by her father. A hearer's ability to read lips would hardly make a statement that she both heard and saw any the less hearsay (see Witkin, Cal. Evidence (1958) § 213).

The remainder of her declaration is but hearsay because based on information or belief (*Kellett* v. *Kellett*, 2 Cal.

2d 45, 48 [39 P.2d 203]). We recognize that an affidavit as to another's residence may be so based. But that exception is premised upon the fact that residence is largely a matter of intent, and the very case which establishes the exception points out that it is inapplicable "where the ultimate fact is susceptible of direct and positive averment" (*Brown* v. *Happy Valley Fruit Growers*, 206 Cal. 515, 520 [274 P. 977]). If decedent bought his ticket at the San Francisco travel agency, the fact was clearly capable of direct proof, and the declaration on information and belief does not adequately controvert the positive averment of petitioner's declaration.

Negation of proper venue in San Francisco under the contract counts pleaded in the complaint distinguishes the case relied upon by real parties (*Smith* v. *Stanford Research Institute*, 212 Cal.App.2d 750 [28 Cal.Rptr. 481]). We find no merit in real parties' attack upon the verification of the petition filed here.

Let peremptory writ issue as prayed.

Salsman, J., and Devine, J., concurred.

The petition of the real parties in interest for a hearing by the Supreme Court was denied March 3, 1965.