[Civ. No. 26634.   First Dist., Div. Two.   May 15, 1969.]

KARSON INDUSTRIES, INC., Petitioner, v. THE SUPE-
RIOR COURT OF CONTRA COSTA COUNTY, Re-
spondent; TRIANGLE AUTO SALES, INC., Real Party
in Interest.

Hyman Goldman and Robert S. Finck for Petitioner.

No appearance for Respondent.

Hamm, Waldie & Rockwell and Richard Rockwell for Real
Party in Interest.

SHOEMAKER, P. J.—Its motion for a change of venue having been denied, defendant corporation petitions for a writ of mandate directing trial of the case to be had in the proper court.

The pleadings disclose that plaintiff, a dealer in mobile homes, brought this action for breach of contract in the Superior Court of Contra Costa County against defendant manufacturer of mobile homes.

Plaintiff alleges that it placed four separate verbal orders with defendant for mobile homes for customers of plaintiff, all of which were accepted by defendant, and that defendant thereafter "wrongfully, and without just cause or provocation, cancelled said orders and breached its agreements with plaintiff."

Defendant corporation in due time made a motion under Code of Civil Procedure, sections 396b and 397, subdivision 1, for change of venue from Contra Costa County to San Bernardino County, where it has its principal place of business, on the ground that Contra Costa County was not one of the five permissible places where a defendant corporation may be sued under California Constitution, article XII, section 16. Defendant simultaneously filed an affidavit in support of the motion, and a demurrer alleging that the complaint did not set forth a cause of action (oral contract for sale of goods over $500). Plaintiff, real party in interest in this action, filed the counteraffidavit of its vice-president and a copy of a letter from the sales manager of defendant which plaintiff contends operated as an anticipatory breach of the contract.

By order of February 26, 1969, motion for a change of venue was denied and the demurrer sustained.

In California there are five potential counties of proper venue for contract actions against a corporation: (1) where the contract is made; (2) where the contract is to be performed; (3) where the obligation or liability arises; (4) *where the breach occurs*; (5) where the principal place of business of such corporation is situated. (Cal. Const., art. XII, § 16; 1 Chadbourn, Grossman, Van Alstyne, Cal. Pleading, § 334.)

Under the constitutional section, plaintiff has a choice of bringing his action in *any* county that will satisfy any of the provisions of this section. (*Smith* v. *Stanford Research Institute* (1963) 212 Cal.App.2d 750, 753 [28 Cal.Rptr. 418].)

A corporate defendant challenging venue may obtain an order changing venue only to the county of its principal place of

business (*Gutierrez* v. *Superior Court* (1966) 243 Cal.App.2d 710, 717 [52 Cal.Rptr. 592]), and in seeking such an order has the burden of negating the propriety of venue as laid *on all possible grounds.* (*Smith* v. *Stanford Research Institute,* *supra,* p. 754.)

Defendant's affidavit effectively negated four of the five possible choices of venue, and defendant relies upon the allegations of the verified complaint in support of its contention that the *breach* occurred in San Bernardino County. Plaintiff's counteraffidavit and authorities are limited to the last possibility, that the *breach* of the contract occurred in Contra Costa County. Plaintiff contends that the letter from defendant's sales manager to plaintiff, posted in San Bernardino County, canceling the contracts, was an anticipatory breach of the contract and "[S]uch cancellation, although amounting to a repudiation of the contracts, did not cause a breach in San Bernardino County. . . ." Plaintiff argues that the repudiation of the contract could not be complete until acted upon, that plaintiff elected to treat the contract at an end, and the *election was exercised in Contra Costa County.*

The doctrine of anticipatory breach is well established in California. (*Alder* v. *Drudis* (1947) 30 Cal.2d 372, 381 [182 P.2d 195].) Corbin on Contracts describes an anticipatory breach as follows: "If the promisor makes a definite statement to the promisee that he either will not or can not perform his contract, this is a repudiation and will operate as an anticipatory breach unless the promisor had some justifying cause for his statement." (4 Corbin on Contracts, § 959, p. 856.)

Assuming that the repudiation contained in the letter can be construed as an anticipatory breach, the question for us to determine is: when and where does such a repudiation become operative as a breach for venue purposes?

Plaintiff's contention is that an anticipatory repudiation is not a breach until it is accepted as such by the injured party, and that plaintiff elected to treat the repudiation as a breach after the letter arrived in Contra Costa County; defendant's contention is that the breach occurred when the letter was mailed in San Bernardino County.

This is a matter of first impression in California. The authorities relied on by plaintiff are not applicable.

The Restatement of Contracts, section 321, reads as follows: "Statements of repudiation in a letter mailed or telegram sent to a promisee or other person having a right under a contract

which if made orally would be a breach of contract constitute a breach as of the time when and the place where the letter or telegram is dispatched.''

4 Corbin on Contracts, section 980, page 934, agrees with section 321 of the Restatement of Contracts, and expressly disapproves of the theory raised by plaintiff that the court should apply the principles of *formation* of a contract to evidence relating to a *breach*, stating: ''The erroneous idea that an anticipatory repudiation is not a breach until it is accepted as such by the other party came into existence by confusing such repudiation with an offer.'' Corbin goes on to state, in section 981 at page 938: ''In a number of well-considered recent cases, this doctrine that an anticipatory repudiation is not a breach until it is accepted as such by the injured party has been repudiated. Their reasoning is convincing and they should now be accepted as having established the law.'' (See also Corbin, § 988.)

11 Williston on Contracts (3d ed. 1968), section 1332, resolves the inconsistency by adopting the view that the *repudiation is itself a breach,* and adopts the Restatement of Contracts view that repudiation by letter or telegram is a breach '' 'as of the time when and the place where the letter or telegram is dispatched.' '' (P. 174.)

We are of the opinion that the weight of authority and the better reasoned cases support the rule that repudiation by letter is a breach at the time when and the place where the letter is dispatched. The only theory under which venue in Contra Costa County could be had is, therefore, eliminated, and defendant is entitled to a change of venue to the county of its principal place of business.

Let a peremptory writ of mandamus issue directing the respondent court to set aside its entire order of February 26, 1969, and to transfer this action to the Superior Court of San Bernardino County.

Agee, J., and Taylor, J., concurred.