[Civ. No. 37255. Second Dist., Div. Two. Nov. 25, 1970.]

SEA WORLD, INC. Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
HERMAN EARL WOOTEN II, a Minor, etc., et al.,
Real Parties in Interest.

## COUNSEL

McInnis, Fitzgerald, Rees & Sharkey and Laurence L. Pillsbury for Petitioner.

No appearance for Respondent.

Florence Bernstein and Muncie Marder for Real Parties in Interest.

## OPINION

**ALARCON, J.*** — Petitioner seeks a writ of mandate (Code Civ. Proc., § 400) compelling respondent court to vacate and set aside its order denying petitioner's motion for change of venue from Los Angeles County to San Diego County, and to grant such change.

The motion was interposed in an action instituted by plaintiffs, Herman

*Assigned by the Chairman of the Judicial Council.

Earl Wooten II, a minor, by Herman Earl Wooten I, his guardian ad litem, and Herman Earl Wooten I, by which plaintiffs seek to recover damages arising from an alleged false arrest and false imprisonment of said minor. The action was commenced in the county of plaintiffs' residence, Los Angeles County. The complaint alleges that defendant, Sea World, Inc., is a corporation "doing business in the County of Los Angeles" and that on August 22, 1969, while the minor plaintiff was participating in a Los Angeles Department of Parks and Recreation outing at the premises of Sea World, an amusement facility open to the public, employees and agents of Sea World caused him to be falsely arrested upon said premises and to be imprisoned for 12 hours in the police station of the City of San Diego.

The motion for change of venue was made upon the ground that the court designated in the complaint is not the proper court (Code Civ. Proc., § 397, subd. 1.) In a supporting declaration of an officer of defendant corporation it is alleged that the corporation "has always maintained its executive offices and its principal place of business in the City of San Diego, County of San Diego.

"That the County of San Diego was designated as the County for the maintenance of said corporation's principal place of business in the Articles of Incorporation at the time the Articles were filed with the Secretary of State and said designation has never changed." It is contended by petitioner that the alleged obligation or liability of defendant did not arise in Los Angeles County and petitioner is therefore entitled to have the action transferred to the county of its residence.

A corporation may be sued "in the county . . . where the obligation or liability arises, . . . or in the county where the principal place of business of such corporation is situated, subject to the power of the court to change the place of trial as in other cases." (Cal. Const., art. XII, § 16.)

■ "The language of this constitutional provision is couched in the disjunctive, and thus a plaintiff is given a choice of bringing his action in any county which will satisfy any one of the provisions of section 16. [Citations.] ■ The object and purpose of the section is to permit a wider choice of venue in suits against corporations than is permitted in suits against individuals. [Citation.] ■ Moreover, in the absence of an affirmative showing to the contrary, the presumption is that the county in which the title of the action shows that it is brought is, prima facie, the proper county for the commencement and trial of the action." (*Smith* v. *Stanford Research Institute,* 212 Cal.App.2d 750, 753 [28 Cal.Rptr. 481].) ■ However, as stated in *Hale* v. *Bohannon,* 38 Cal.2d 458, 478 [241 P.2d 4]: "Where the plaintiff fails to bring his action in any of the counties specified by the Constitution, the corporation then is entitled to a

change of venue to the county of its principal place of business under the last clause of the constitutional provision." (See also *Clary* v. *Basalt Rock Co.,* 99 Cal.App.2d 458, 460 [222 P.2d 24]; *Beutke* v. *American Securities Co.,* 132 Cal.App.2d 354, 361 [282 P.2d 201]; *Searls* v. *Greyhound Corporation,* 180 Cal.App.2d 463, 465 [4 Cal.Rptr. 206].)

██ The allegation in plaintiffs' complaint that petitioner is a corporation "doing business" in Los Angeles County is but the conclusion of the pleader (see *O'Brien* v. *O'Brien,* 16 Cal.App. 103, 111 [116 P. 692]; *Enter* v. *Crutcher,* 159 Cal.App.2d Supp. 841, 847 [323 P.2d 586].) Such a bare allegation, unsupported by probative facts, is insufficient to controvert the positive averment of the corporate defendant that *its principal place of business* is in San Diego County. (See *Gutierrez* v. *Superior Court,* 243 Cal. App.2d 710, 728-729 [52 Cal.Rptr. 592].) It has long been held that the county in which the principal place of business of a corporation is located is the county of its "residence." (*Hale* v. *Bohannon, supra,* 38 Cal.2d 458, 478; *Beutke* v. *American Securities Co., supra,* 132 Cal.App.2d 354, 360; *Walker* v. *Wells Fargo Bank & Union Trust Co.,* 24 Cal.App.2d 220, 222-223 [74 P.2d 849].) The constitutional provision (art. XII, § 16) specifically refers to the "county where *the principal place of business* of such corporation is situated." (Italics added.) ██ It is our conclusion that petitioner has adequately established that its principal place of business is in the County of San Diego. It is entitled to a transfer to that county unless "the obligation or liability" arose in Los Angeles County where the action was commenced. (*Clary* v. *Basalt Rock Co., supra,* 99 Cal.App.2d 458, 460.) As stated in *Kupersmith* v. *San Francisco Shippers, Inc.,* 181 Cal.App.2d 144, 146 [5 Cal.Rptr. 123]: "It is not sufficient for a corporate defendant seeking a change of venue to show that its principal place of business is located in the county to which it seeks to have the action transferred. 'It is incumbent upon the moving party to show not only the place of its residence or principal place of business, but also that the contract was not made, that it was not to be performed, that the obligation or liability did not arise and that the breach did not occur in the county wherein the venue is originally placed by the filing of plaintiff's complaint.' (*Owens* v. *Paraco, Inc.,* 160 Cal.App.2d 824, 826 [325 P.2d 513]; *Union Oil Co.* v. *Basalt Rock Co.,* 30 Cal.App.2d 317, 319 [86 P.2d 139].)" See also *Shida* v. *Japan Food Corp.,* 185 Cal.App.2d 443, 447-448 [8 Cal.Rptr. 271]; *Hale* v. *Bohannon, supra,* 38 Cal.2d 458, 476.)

██ In tort the liability arises where the injury occurs. (*Tingley* v. *Times-Mirror Co.,* 144 Cal. 205, 206 [77 P. 218].) ██ "The word injury 'means a wrongful invasion of legal rights.' [Citations.]" (*Shida* v. *Japan Food Corp., supra,* p. 448.)

It was established without dispute in the trial court that the arrest and imprisonment occurred in San Diego County. It is so alleged in plaintiffs' complaint, and plaintiff makes no contention to the contrary. Thus petitioner's liability unquestionably arose at that time. Plaintiffs contend, however, that although the liability *first* arose in San Diego County "the injury followed the minor plaintiff to his county of residence, Los Angeles County," it being claimed that the minor plaintiff was caused to have "an arrest record which is a natural consequences [*sic*] of his arrest in San Diego County;" that "the continuing libelous nature of plaintiff's record of arrest" caused additional expense, pain, humiliation and anguish in Los Angeles County where he resides. Plaintiff, Herman Earl Wooten, I, the minor's father, contends that he also has been injured, and that the only liability to him arose and continues in Los Angeles County where he has been injured in that he works and resides in that county. In support of these contentions, plaintiffs rely upon *Tingley* v. *Times-Mirror Co., supra,* 144 Cal. 205, and *Ray Wong* v. *Earle C. Anthony, Inc.,* 199 Cal. 15 [287 P. 894]. We cannot agree with these contentions and find the cited cases to be distinguishable.

The gist of the cause of action pleaded is the unlawful violation of the person and liberty of the minor plaintiff. (Pen. Code, § 236.) There was only one arrest and one imprisonment, and the breach of duty, the violation of that plaintiff's rights took place, if at all, at the time and place of the arrest and imprisonment. While the amount of damages might be affected by subsequent circumstances, it is clear that the alleged tortious conduct occurred in San Diego County and that petitioner's liability arose there. Under the facts of this case, unlike the situations in the two cases cited by plaintiffs,[1] there was no further conduct, no event or occurrence of

---

[1] It must be borne in mind that in libel, republication has the same effect as an original publication; e.g., where the defendant reprints or circulates a libelous writing. Also, the original slanderer may be liable for the repetition of it by a third person if he had reason to expect such repetition. (Witkin, Summary Cal. Law (1960) § 84, p. 673.)

In *Tingley* v. *Times-Mirror Co., supra,* 144 Cal. 205, 206, plaintiff Tingley, a resident of San Diego County, brought a libel action in that county against defendant corporation. Defendant's principal place of business was in Los Angeles County and its newspaper was there published. It was alleged that the paper also was circulated in San Diego and other portions of the state. It was contended by defendant that "the wrong complained of consisted in printing, the publishing, and distributing the alleged libelous articles, which . . . was done in Los Angeles." Defendant's motion for change of venue to Los Angeles County was denied and upon appeal this order was affirmed, the court holding that an action for libel is properly maintained in the county in which the plaintiff resides, *when the newspaper is circulated in that county,* although it is published in another county, which latter is the principal place where defendant's business is located. To the same effect, see *Shores* v. *Chip Steak Co.,* 130 Cal.App.2d 627 [279 P.2d 595].

*Ray Wong* v. *Earle C. Anthony, Inc., supra,* 199 Cal. 15, was an action for mali-

any kind which took place in Los Angeles County as the result, directly or indirectly, of petitioner's conduct in San Diego County. The claim of continuous injury rests solely upon the fact of plaintiff's residence in Los Angeles County.

■ It is our conclusion that the record presents no basis for the trial of this tort action in Los Angeles County and, accordingly, petitioner is entitled to a transfer to the County of San Diego where its principal place of business is located.

The second cause of action, brought by Herman Earl Wooten I, the adult plaintiff, presents no reason to alter our conclusion. ■ As contended by petitioner, this plaintiff does not and cannot state a cause of action for false arrest or false imprisonment. "[A]ctions for false arrest and malicious prosecution are personal actions which do not give rise to a

---

cious prosecution. It was alleged that defendant caused a complaint to be filed in Sacramento charging plaintiff, a resident of San Joaquin County, with the crime of embezzlement; that a warrant of arrest was issued pursuant to which plaintiff was arrested in Stockton and there placed in the San Joaquin County jail; that he was thereafter taken to Sacramento and there imprisoned, tried for the alleged crime, and acquitted. Defendant moved for change of venue from San Joaquin County to Los Angeles County on the ground that its principal place of business was in that county, and on the further ground that the liability did not arise in San Joaquin County. In affirming the order denying said motion, the court stated: (pp. 18-19) "The term 'prosecution' is sufficiently comprehensive to include every step in an action from its commencement to its final determination. . . . 'The reason for the action for malicious prosecution does not lie solely in the danger of punishment but in the disgraceful imputation, the injury caused by the arrest, and the inconvenience and expense incident to defending the proceedings.' . . . 'The general rule of law is that whoever does an illegal or wrongful act is answerable for all the consequences that ensue in the ordinary and natural course of events, though those consequences be immediately brought about by intervening agents, provided such agents were set in motion by the primary wrongdoer, or provided those acts causing the damage were the necessary or legal and natural consequence of the wrongful act.' . . . Since the defendant is liable, if at all, for the damage caused by every step regularly taken in the prosecution of the plaintiff, it is liable for the injury naturally resulting *from the arrest and imprisonment of plaintiff in San Joaquin County. That liability, which is a part of the cause of action, arose in San Joaquin County.*" (Italics added.)

The court states that the principle announced in *Tingley* is equally applicable in this case, and states: (p. 20) "Undoubtedly liability in that case arose first in Los Angeles County, where the newspaper containing the libelous article was printed and published, if the plaintiff was injured by its publication therein, but she was most injured by its publication in the county of her residence. The constitutional provision is that a corporation may be sued in the county 'where the . . . liability arises,' not necessarily where liability first arises. For the purposes of this discussion it may be conceded that liability in this case, if any, arose first in Sacramento County, just as in the Tingley case it arose first in Los Angeles County, but the injury 'is peculiarly at the county in which the plaintiff resides' and in which he was arrested and imprisoned. The fact that the defendant did not directly do anything in San Joaquin County of which complaint is made is wholly immaterial. The arrest and imprisonment in that county were the natural consequences of the accusation, ensuing in the regular course of the proceeding which the defendant set in motion."

cause of action in anyone other than the person directly aggrieved. [Citations.]" (*Coverstone* v. *Davies,* 38 Cal.2d 315, 324 [239 P.2d 876].)

Although, as a general rule, the sufficiency of a complaint does not arise upon a motion for change of venue, an exception to this general rule exists with regard to an insufficient complaint which appears on its face to be not amendable, in which event such plaintiff "has suffered no delict in any place and defendant corporation has sustained its burden under section 16 of Article XII." (*Shores* v. *Chip Steak Co.,* 130 Cal.App.2d 627, 630 [279 P.2d 595]; *Shores* v. *Chip Steak Co.,* 130 Cal.App.2d 620, 623 [279 P.2d 591]; *Clary* v. *Basalt Rock Co.,* 99 Cal.App.2d 458, 463 [222 P.2d 24].)

Let a peremptory writ of mandate issue as prayed.

Fleming, Acting P. J., and Compton, J., concurred.