Opinion
COOPERMAN, J.
Plaintiff, Hatcher, filed a complaint against California State University at Fresno (C.S.U.F.) in Los Angeles County Municipal Court, Pomona Judicial District, alleging violations of the Information Practices Act of 1977 (Civ. Code, § 1798 et seq.). Thereafter, C.S.U.F. moved for a change of venue seeking to transfer the action from Los Angeles County to Fresno County, which motion was granted. Although the original minute order granting the motion ordered “defendant” to post transfer and filing fees, that order was subsequently amended to order “plaintiff” to post *Supp. 3 these fees after C.S.U.F. notified the court clerk by letter that the plaintiff is responsible for the payment of these fees pursuant to Code of Civil Procedure section 399. Hatcher appeals from the order granting the motion for change of venue and ordering him to post the transfer and filing fees.
C.S.U.F.’s motion for change of venue was based solely on Government Code section 955.2, which sets forth the proper venue in actions for death or injury to persons or personal property in which the state is named as a defendant. That section provides: “Notwithstanding any other provision of law, where the State is named as a defendant in any action or proceeding for death or injury to person or personal property and the injury or the injury causing death occurred within this State, the proper court for the trial of the action is a court of competent jurisdiction in the county where the injury occurred or where the injury causing death occurred. The court may, on motion, change the place of the trial in the same manner and under the same circumstances as the place of trial may be changed where an action is between private parties.”
The Law Revision Commission comment to section 955.2 states that the section “requires that certain tort actions against the State be tried in the county where the injury occurred.” Thus, according to C.S.U.F., since Hatcher’s allegations arose out of alleged violations of the Information Practices Act by C.S.U.F., Fresno is the only county in which the action may be maintained, and the Los Angeles court had power only , to transfer the action.
In opposition to C.S.U.F.’s motion, Hatcher relied on Civil Code section 1798.49, which sets forth the proper venue in actions to enforce any liability created by the Information Practices Act of 1977. That section states in pertinent part: “An action to enforce any liability created under Sections 1798.45 to 1798.48, inclusive, may be brought in any court of competent jurisdiction in the county in which the complainant resides, or has his principal place of business, or in which the defendant’s records are situated
Since Hatcher lives in the County of Los Angeles, in the City of Pomona, it was his contention that he was entitled to bring the action in Los Angeles. Hatcher further argued that, although the records which are the subject of his suit are maintained in Fresno, the injury resulting therefrom occurs where he resides and does business.
Hatcher makes these same contentions on appeal claiming that, since C.S.U.F. made no showing that the injury in fact occurred or was occurring in Fresno or that there was good cause or need to transfer venue, the action *Supp. 4 should be permitted to proceed in the county of his residence pursuant to Civil Code section 1798.49, supra. We agree.
Government Code section 955.2, on which C.S.U.F. relies, was enacted in 1963 and is specifically made applicable to actions or proceedings “for death or injury to person or personal property.” As explained in the Law Revision Commission comment, the statute requires only that “certain tort actions against the State be tried in the county where the injury occurred.” (Italics added.) At the same time, it is clear that the Information Practices Act of 1977 was enacted to provide a new remedy for individuals who have been injured by the wrongful keeping, and/or use, of records by state agencies.
The term “agency” as used in the act is defined in Civil Code section 1798.3 as follows: “(d) The term ‘agency’ means every state office, officer, department, division, bureau, board, commission, or other state agency, except that the term agency shall not include:
“(1) The California Legislature.
“(2) Any agency established under Article VI of the California Constitution.
“(3) The State Compensation Insurance Fund, except as to any records which contain personal information about the employees of the State Compensation Insurance Fund.” Thus, it is clear that actions brought pursuant to this legislation would necessarily involve the state as a defendant.
It is illogical, therefore, to interpret Government Code section 955.2, which is specifically limited to “certain” tort actions, to apply to actions brought under the Information Practices Act of 1977 as C.S.U.F. urges.[1]
*Supp. 5 To accept C.S.U.F.’s construction of section 955.2 would make Civil Code section 1798.49 a nullity in that, if we were to read 955.2 to include actions under the act brought against the state, all actions under the act would be required to be brought in the county where the records in question are kept, despite the alternate forms provided for in Civil Code section 1798.49.
Further, since Civil Code section 1798.49 is worded in the disjunctive, giving the plaintiff a choice of venue in suits brought under the act, venue is presumptively proper in any one of the counties provided for therein chosen by the plaintiff in the absence of an affirmative showing to the contrary. (See Smith v. Stanford Research Institute (1963) 212 Cal.App.2d 750, 753 [28 Cal.Rptr. 481].) We conclude, therefore, that venue was proper in Los Angeles County and the order granting C.S.U.F.’s motion to transfer the action to Fresno County was erroneous. Having so concluded, we need not address ourselves to Hatcher’s contentions concerning the order that he post transfer and filing fees.
The order granting defendant’s motion for change of venue is reversed. Appellant to recover costs on appeal.
Foster, P. J., and Bernstein, J., concurred.

In this regard, we note that all of the cases cited by C.S.U.F. involve actions for personal injury. Among these cases is State of California v. Superior Court (Fuller) (1967) 252 Cal.App.2d 637 [60 Cal.Rptr. 653], wherein the court stated that it would appear from the “notwithstanding any other provision of law” language in Government Code section 955.2 that the Legislature intended that section to “control venue in all tort cases in which the state is a defendant even though by reason of the joinder of other defendants venue would also be proper in a county other than that in which the injury occurred.” (Id. at p. 639.) However, the precise issue before the court in Fuller was whether, by naming the state as a defendant, the plaintiff waived his right to sue in a county other than where the injury occurred which he would have been permitted to do had he named only the other corporate defendants. First, it is significant to note that the Fuller case was decided before the enactment of the Information Practices Act of 1977, so that such a cause of action as is involved in the instant case could not have been contemplated at that time. Second, the statement in Fuller that section 955.2 appears to be applicable to “all tort cases,” is merely dicta since that court’s decision actually turned on its construction of the balance of that phrase, “in which the State is a defendant,” which the Fuller court interpreted to mean that section 955.2 is to control in cases where the state is one of several defendants, as well as those in which it is the only defendant. The Fuller court was thus not concerned with deciding to ■what tort actions Government Code section 955.2 was or was not applicable.