[No. G002788. Fourth Dist., Div. Three. July 11, 1985.]

ANAHEIM EXTRUSION COMPANY, INC., Petitioner, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
CLASSIC MOLDING COMPANY, Real Party in Interest.

**COUNSEL**

Kadison, Pfaelzer, Woodard, Quinn & Rossi, J. David Oswalt, Lawrence A. Cox and Barry B. Kaufman for Petitioner.

No appearance for Respondent.

Glen H. Schwartz for Real Party in Interest.

**OPINION**

**TROTTER, P. J.**—Anaheim Extrusion Company challenges respondent's order granting Classic Molding Company's motion for a change of venue, as well as the order granting Classic's request for reasonable expenses and attorneys fees.

Anaheim filed a complaint against real party for goods sold and delivered. The complaint was filed in Orange County. Shortly thereafter Classic filed a motion for change of venue, thereby seeking to have the action transferred to Los Angeles County. Classic also requested reasonable expenses and attorneys fees pursuant to Code of Civil Procedure section 396b, subdivision (b).[1] Respondent granted Classic's motion and request. Anaheim now seeks a writ of mandate under section 400. We stayed enforcement of respondent's orders pending resolution of this petition.

██ Anaheim contends Classic did not carry its burden of showing venue was improper under all grounds listed in section 395.5. Section 395.5 provides: "A corporation or association may be sued in the county where the contract is made or is to be performed, or where the obligation or liability arises, or the breach occurs; or in the county where the principal place of business of such corporation is situated, subject to the power of the court to change the place of trial as in other cases." ██ In *Karson Industries, Inc.* v. *Superior Court* (1969) 273 Cal.App.2d 7 [77 Cal.Rptr. 714], it was held "[a] corporate defendant . . . seeking . . . an order [changing venue] has the burden of negating the propriety of venue as laid *on all possible grounds.* [Citation.]" (*Id.*, at pp. 8-9.)

██ Anaheim asserts Orange County is "where the contract [was] to be performed" because that is where payments were to be made. Classic argues performance was to be made in Los Angeles because that is where the goods were delivered.

In *Hale* v. *Bohannon* (1952) 38 Cal.2d 458 [241 P.2d 4] the Supreme Court addressed this issue. That case involved a contract which did not provide where payments were to be made. The Supreme Court held: "This being the obligation the breach of which is pleaded as the cause of action, . . . the place where it was to be performed is the *decisive factor* insofar as venue is concerned. [Citations.]" (*Id.*, at p. 466, italics added.) In this case the performance allegedly breached was the payment for, not the delivery of, goods. Therefore, the place where payment was to be made is the place "where the contract [was] to be performed" under section 395.5.

There still remains the factual question of where the parties intended payment to be made. This is quickly disposed of. The contract is silent, and the only evidence in the record indicates payments had always been received at Anaheim's offices in Orange County in the past. Classic presented no evidence on the issue, and therefore did not carry its burden of showing

---

[1]All further statutory references are to the Code of Civil Procedure unless otherwise specified.

venue was improper on all section 395.5 grounds. Classic was not entitled to a change of venue. Furthermore, since Classic should not have been the "prevailing party" under section 396b, the award of expenses and attorney's fees was erroneous.

Issuance of an alternative writ would add nothing to our review and only delay the proceedings. A peremptory writ in the first instance is appropriate. (§ 1088; *Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 179-180 [203 Cal.Rptr. 626, 681 P.2d 893].)

Let a peremptory writ of mandate issue directing respondent to vacate the orders granting Classic's motion to change venue and the request for an award of attorney's fees and costs, and to enter a new order denying such motion and request. The stay previously issued shall remain in effect until this opinion becomes final.

Crosby, J., and McLaughlin, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.